IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,545

STATE OF KANSAS,
*Appellee*,

v.

ROBERT WARD,
*Appellant*.

SYLLABUS BY THE COURT

1.

An appellate court reviews decisions of mootness de novo.

2.

A case is moot when a court determines it is clearly and convincingly shown that the actual controversy has ended, that the only judgment that could be entered would be ineffectual for any purpose, and that it would not have an impact on any of the parties' rights.

3.

The completion of a sentence does not necessarily render a claim moot.

Review of the judgment of the Court of Appeals in an unpublished order filed September 12, 2017. Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed June 19, 2020. Judgment of the Court of Appeals dismissing the appeal is reversed and the case is remanded to the Court of Appeals with directions.

*Kasper C. Schirer*, of Kansas Appellate Defender Office, argued the cause, and *Kimberly Streit Vogelsberg*, of the same office, was with him on the briefs for appellant.

*Brandon L. Jones*, county attorney, argued the cause, and *Stephen A. Hunting*, former county attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Robert Ward filed a motion under K.S.A. 60-1507, alleging that the district court erred when it revoked his probation and imposed his underlying sentence. The district court summarily denied the motion. The Court of Appeals dismissed his appeal as moot because Ward had completed his sentence. Ward petitioned for review of that decision. We remand the case to the Court of Appeals for consideration under *State v. Roat*, 311 Kan.__, __P.3d__ (No. 113,531, this day decided).

## FACTUAL AND PROCEDURAL HISTORY

On June 10, 2013, in case 12CR367, Ward pleaded no contest to one count of criminal threat and two counts of assault against the victim, his girlfriend for acts that allegedly occurred in October 2012. On August 12, 2013, the district judge sentenced Ward to 14 months' imprisonment for the criminal threat conviction and 30 days in jail for each of the assault convictions, all to run concurrent. The court then suspended the imposition of sentence, placed Ward on probation for 12 months, and ordered Ward to have no violent contact with the victim as a condition of probation.

On January 31, 2014, the State moved to revoke Ward's probation, alleging that he had violated his probation by having violent contact with the victim. The motion included

2

an affidavit from Ward's probation officer in which the officer stated that Ward had been arrested on January 30, 2014, for committing domestic battery against the victim on January 29, 2014. Ward contested the allegation that he had committed domestic battery. The State charged Ward for the alleged domestic battery in case number 14CR24.

The district court concluded that Ward had violated the terms and conditions of his probation, revoked the probation, and sanctioned Ward to 60 days in county jail. The court also ordered Ward to serve 12 months of probation after his release from county jail, beginning October 2014. The court adjourned without informing Ward that he had the right to appeal the probation revocation. Ward did not appeal.

On February 19, 2015, while Ward was serving his second round of probation, the State moved to revoke Ward's probation again, alleging that he had violated his probation by disobeying the law. In an attached affidavit, Ward's probation officer stated that Ward had been arrested on February 17, 2015, for criminal threat, violation of a protection order, endangering the welfare of a child, domestic battery, and misdemeanor criminal damage to property. The State charged Ward for these alleged offenses in case 15CR52. Ward entered a plea agreement in case 15CR52. He agreed to plead no contest to criminal threat and to stipulate to violating probation in February 2015 in case 12CR367. In exchange, the State agreed to dismiss all remaining counts in case 15CR52 and to dismiss 14CR24 entirely.

On May 13, 2015, pursuant to the plea agreement in 15CR52, Ward pled no contest to criminal threat in case 15CR52. The district court revoked Ward's probation in 12CR367 and ordered him to serve his underlying 14-month sentence. On June 22, 2015, the court sentenced Ward to 17 months' imprisonment with 12 months of postrelease supervision for the new conviction in case 15CR52 and ordered him to serve that

3

consecutively to the underlying 14-month sentence in 12CR367. The district court dismissed case 14CR24 with prejudice in accordance with the plea agreement.

Between July 2015 and February 2016, Ward filed a number of pro se letters and motions with the district court in which he claimed that the judge had violated his constitutional rights when he concluded that Ward had violated his original probation term in January 2014. He also implied that the sentence resulting from his second probation revocation was illegal because the first probation revocation, which resulted in the additional 12 months of probation, should not have occurred. In response to some of the early motions, the district court judge wrote a letter to Ward informing him that he would not consider his correspondence until he could prove it had been provided to the opposing party. From the record, it appears that none of these were sent to opposing counsel or considered by the court.

On March 4, 2016, Ward filed a K.S.A. 60-1507 motion. In this motion, Ward repeated his arguments and asserted a new one: that his trial counsel during his first probation revocation hearing was ineffective. He based this on a number of allegations, including that his counsel failed to inform him of his right to appeal the decision revoking his probation. The district court considered this motion and appointed counsel to represent Ward.

At a hearing on this motion, during which Ward was not present, the court characterized Ward's motion as a complaint that "his probation was improperly revoked." In response to that complaint, the judge stated:

> "[T]he simple fact of the matter is that he'd stipulated to the violations as part of a more
> global plea agreement I believe of the 14 case that he'd stood trial on at one point in time,

4

and I think as part of that agreement that led to his stipulation and violating his probation and the revocation being revoked ultimately that case was dismissed I believe, I've got the facts of that right. However, it was done consistent not that the underlying facts were set aside, just that as part of further going forward in that agreement it was dismissed and his probation, he agreed to have his probation revoked in this case and serve the sentence as part of the plea agreement."

The court asked Ward's lawyer if he wanted to offer any clarification or argument, but the lawyer declined. The court then summarily dismissed the motion.

Ward appealed the dismissal. He characterized his original motion as both a 60-1507 motion and a motion to correct an illegal sentence and argued that the district court erred when it did not "mention or make any inquiry into" his claims of ineffective assistance of counsel and summarily dismissed the motion.

On August 25, 2017, the Court of Appeals issued a show-cause order. It noted that a review of the briefs and records indicated that Ward should have already completed his sentence and ordered Ward to show cause why the case should not be dismissed as moot under *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012). Ward responded that he had completed his underlying prison sentence but argued his case was not moot because a judgment would affect his rights. He averred that a finding he violated the terms of his probation could be used to deny him probation or to subject him to an upward departure sentence in the future. The Court of Appeals noted this response but dismissed the appeal as moot in an unpublished order because Ward had completed his sentence and "there is still no remedy available to Appellant."

We granted Ward's petition for review of the Court of Appeals' dismissal.

5

ANALYSIS

Ward argues that the Court of Appeals erred when it dismissed his case as moot. Ward avers that his case is not moot because a future court may find he is not amenable to probation or should be subject to an upward departure sentence based on the revocation of his probation. He also insists that a judgment his probation should not have been revoked the first time would result in a judgment that his sentence should have ended earlier and that the date his sentence should have ended affects when he can move to expunge his crime and when he can possess a firearm.

We review decisions of mootness de novo. *State v. Roat*, 311 Kan.__, __P.3d__ (No. 113,531, this day decided), slip op. at 13-14. "A case is moot when a court determines that 'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *Roat*, No. 113,531, slip op. at 6 (quoting *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 [2012]). The completion of a sentence does not necessarily render a claim moot. *Roat*, No. 113,531, slip op. at 16.

Before considering the merits of his appeal, the Court of Appeals ordered Ward to show cause why his case should not be dismissed as moot under *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012).

In *Montgomery*, the district court revoked Montgomery's probation after he admitted to violating it. Montgomery requested the district court sanction him with jail time or drug treatment instead of imposing his underlying prison sentence. The district court denied the request, and Montgomery appealed the revocation of his probation. 295 Kan. at 839. By the time his case was heard on appeal, Montgomery had been released

6

from prison, so the Court of Appeals dismissed the case as moot. Before this court, Montgomery argued his case was not moot because a future sentencing court could rely on the fact that his probation was revoked to find that he was not amenable to probation. This court disagreed, noting that Montgomery admitted to violating probation and challenged only the resulting sentence. It held that Montgomery's case was moot because the court could not change the prison sentence that he had already served and any ruling that it could have provided "on the appropriateness of the sanction imposed [would not have impacted] any future assessment of his amenability to probation." 295 Kan. at 844.

Ward correctly distinguished *Montgomery* in his response to the show cause order. He pointed out that Montgomery did not challenge the finding that he violated his probation, but, in contrast, he has always and repeatedly contested the allegation and eventual conclusion that he violated his probation in 2014. He asserted that his case is not moot because a finding he violated his probation can affect future probation or sentencing decisions.

The Court of Appeals acknowledged that the facts in Ward's case "differ slightly" from those in *Montgomery*, but it still dismissed the case as moot. It reasoned that "there is still no remedy available to Appellant."

In his petition for review, Ward again points to the distinguishing factor between his case and *Montgomery*—that he challenges the probation revocation, not just the sanction—and argues that this means a judgment here will affect a future sentence and, therefore, affect his rights, including future sentencing decisions and when he can legally possess a firearm or expunge his conviction.

CONCLUSION

Today we published *State v. Roat*. Therein, we have outlined the law governing mootness and explained that the completion of a sentence does not necessarily render a case moot. No. 113,531, slip op. at 16. We disavow any use of such a bright-line rule and direct courts to carefully analyze whether dismissal would affect an asserted right. The Court of Appeals did not have the advantage of *Roat* when it rejected Ward's appeal. We remand this case to the Court of Appeals so that it may reconsider the arguments that Ward presented in his response to the panel's show cause order under the guidance provided in *Roat*.

We note that the panel need not consider the additional arguments that Ward presented in his petition for review to this court. Ward did not present those to the panel and, consequently, abandoned them. See *State v. Mayes*, 311 Kan.__, __P.3d__ (No. 115,006, this day decided), slip op. at 4.

Reversed and remanded to the Court of Appeals with directions.

PATRICK J. MCANANY, Senior Judge, assigned.[1]

_____

[1] **REPORTER'S NOTE:** Senior Judge Patrick J. McAnany was appointed to hear case No. 116,545 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Justice Lee A. Johnson.

\* \* \*

BILES, J., dissenting:  I dissent from the remand order based on the rationale expressed in *State v. Tracy*, 311 Kan. __, __ P.3d __ (No. 113,763, this day decided). The case should be dismissed.


LUCKERT, C.J., and STEGALL, J., join the foregoing dissent.