NOT DESIGNATED FOR PUBLICATION

No. 123,866

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISHMAEL RIDGE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed February 25, 2022. Affirmed.


Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).


Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.


PER CURIAM: Ishmael Ridge appeals the district court's decision to impose a 12-month jail sentence for his conviction of interference with a law enforcement officer. We granted Ridge's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). In the State's response, it did not object to summary disposition but urges us to dismiss the appeal as moot due to Ridge having completed his sentence. Alternatively, the State asks us to affirm the sentence as within the allowable range for a class A misdemeanor. After a review of the record, we affirm.


In November 2018, while Ridge was on probation for a prior felony conviction from 2016, he was charged with interference with a law enforcement officer, a class A

1

nonperson misdemeanor. Ridge pleaded no contest to this charge. At the December 2019 sentencing hearing, at which the district court also conducted a probation violation hearing in his 2016 felony case, the district court imposed a 12-month jail sentence for his misdemeanor conviction to run concurrent with the sentence in his 2016 felony case. As for Ridge's 2016 felony case, the district court revoked Ridge's probation and ordered him to serve the underlying 48-month prison sentence.

On appeal, Ridge argues the district court erred when it imposed a jail sentence of 12 months and the district court abused its discretion by imposing the jail sentence instead of placing him on probation. In response, the State argues we should dismiss the appeal, maintaining it "would appear the appeal is moot as any relief granted would be of no benefit to the Defendant in that the sentence has expired." Alternatively, the State contends that the district court did not err because it imposed a sentence within the allowable range for a class A misdemeanor.

"'A case is moot when a court determines that "it is clearly and convincingly shown that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights."' [Citations omitted.]" *State v. Ward*, 311 Kan. 619, 622, 465 P.3d 1143 (2020). "In an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence." *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020).

Admittedly, given that Ridge's 12-month sentence was imposed on December 11, 2019, it would appear that Ridge has likely served his sentence. But the State never submitted a notice of custodial status as required by Supreme Court Rule 2.042 (2022 Kan. S. C. R. at 18), indicating that Ridge had completed his sentence in this case. Thus, we decline to dismiss Ridge's appeal as moot.

As to the merits of Ridge's appeal, he argues the district court abused its discretion by failing to place him on probation instead of imposing his sentence. However, "'[a misdemeanor] sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court.' [Citation omitted.]" *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019). Judicial discretion is abused if (1) the action is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Ridge bears the burden of showing such an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

As we stated, Ridge was convicted of interference with a law enforcement officer, a class A misdemeanor. Class A misdemeanors are punishable by up to one year of confinement in the county jail. K.S.A. 2018 Supp. 21-6602(a)(1). The 12-month jail sentence imposed by the district court is within the one-year statutory limit. Given that Ridge makes no assertion of vindictiveness by the district court, he committed his crime while on probation in his 2016 felony case, and his probation was revoked in that case, it strikes us as perfectly reasonable for the district court not to grant Ridge probation in this case. We see no abuse of discretion in the district court's decision to impose a 12-month jail sentence instead of granting Ridge probation.

Affirmed.