NOT DESIGNATED FOR PUBLICATION

Nos. 124,188
124,190

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KARL E. FERRELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 2, 2022. Reversed and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM:  Karl E. Ferrell stands convicted of multiple crimes following his no contest pleas in two separate Reno County cases, 92 CR 680 and 93 CR 371. In 2020, Ferrell filed a motion to correct an illegal sentence in the 1992 case asserting that his criminal history score was incorrectly calculated because a prior burglary conviction should have been scored as a nonperson felony. He filed a nearly identical motion for his 1993 case in 2021. The State moved to have the motions dismissed as moot on the grounds that Ferrell already satisfied the sentences in both cases. Following a brief nonevidentiary hearing, the district court granted the State's request. But a mootness

1

determination in this context must be supported by clear and convincing evidence which establishes the defendant has fully completed his or her sentence. That standard was not satisfied here. Rather, the district court relied only on the State's arithmetical "estimation" to conclude Ferrell's sentences were complete. Accordingly, we reverse the district court's decision and remand Ferrell's case for a determination on his motions that is buttressed by an appropriate evidentiary framework.

FACTUAL AND PROCEDURAL BACKGROUND

In May 1993, Karl E. Ferrell pled no contest to four counts of burglary in case number 92 CR 680 and received four concurrent sentences of one to five years. The court then suspended the sentences and granted Ferrell 18 months of probation with special conditions.

Around one month later, the State charged Ferrell with one count of aggravated indecent liberties with a child in case number 93 CR 371 and Ferrell opted to enter a no contest plea. During the sentencing hearing, the district court determined that Ferrell had a C level criminal history score. Ferrell expressed disagreement with the person felony classification of his 1991 burglary conviction because the mobile home he burglarized was vacant and used exclusively as a storage facility rather than a residence. But Ferrell acknowledged that he stipulated to the charges in the initial complaint for that case. He also stipulated that the current crimes of conviction were committed while on probation in the 1992 case and violated the terms and conditions of that probation.

The district court revoked Ferrell's probation and imposed the original sentence, minus 21 days credit for previous time served. It then imposed a 71-month sentence to be followed by 24 months' postrelease in case number 93 CR 371 and ordered it to run consecutive to the one-to-five-year sentence in case number 92 CR 680.

2

Nearly 10 years later, in 2002, Ferrell acquired new convictions for attempted rape, aggravated burglary, aggravated battery, and an aggravated weapons violation following a Sedgwick County bench trial under case number 02 CR 317. *State v. Ferrell*, No. 89,394, 2003 WL 22479537, at *1 (Kan. App. 2003) (unpublished opinion). The district court sentenced him to serve 268 months in prison, and this court affirmed those convictions and sentences. 2003 WL 22479537, at *1.

Ferrell filed a motion to correct an illegal sentence in case number 02 CR 317 in 2015 and argued that, under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), "his prior 1991 Kansas burglary conviction was wrongly classified as a person felony, thereby improperly increasing his criminal history score." The district court denied the motion, but this court reversed, vacating Ferrell's sentence and remanding to the district court to recalculate his criminal history score. *State v. Ferrell*, No. 117,919, 2018 WL 3596250, at *1 (Kan. App. 2018) (unpublished opinion).

Also in 2015, Ferrell filed a pro se motion to correct an illegal sentence in case 92 CR 680. The district court denied the motion, but Ferrell did not appeal. In March 2020, Ferrell filed a second pro se motion to correct an illegal sentence in case number 92 CR 680, and reiterated his *Dickey* based challenge to the classification of his 1991 burglary conviction as support for a contention that the offense was erroneously found to be a person felony during the conversion analysis of his sentence in the 1992 case. The State did not immediately respond to Ferrell's contentions.

A year later, Ferrell then filed a motion to correct illegal sentence in case number 93 CR 371, similarly pointing to this court's 2017 order reversing the district court and vacating his sentence and arguing that the 1991 burglary conviction should not have been counted as a person felony in his criminal history score at sentencing. In response, the State moved the court to dismiss both motions because "[a]ny action by the court at this point would be moot" given that Ferrell already satisfied his sentences in both cases. The

3

State also argued that the claim was nearly identical to that which Ferrell alleged through his 2015 motion in 92 CR 680, thus principles of res judicata barred consideration of the issue.

The district court held a hearing on Ferrell's motions to correct an illegal sentence. The record seemingly reflects that the hearing occurred on the same day the State filed its responses. Ferrell stood on his motions, and the State argued that "from [its] estimation" Ferrell already completed his sentences in both cases, thus he was solely incarcerated under his sentence in case 02 CR 317. The State also noted that the conversion issue Ferrell mentioned as to case number 92 CR 680 may have merit but opined the court need not rule on the issue because the sentence was completed. After hearing the State's arguments, the court concluded: "I'm just going to find the conversion is moot. He's already served it and both motions are dismissed."

Ferrell filed timely notices of appeal and we consolidated the two cases for appellate review.

ANALYSIS

THE DISTRICT COURT ERRED IN DENYING FERRELL'S MOTIONS TO CORRECT ILLEGAL SENTENCE AS MOOT ABSENT ANY EVIDENTIARY SUPPORT FOR THAT CONCLUSION.

On appeal, Ferrell argues the district court erred by dismissing his motions to correct an illegal sentence in cases 92 CR 680 and 93 CR 371 because the court's mootness determination was not supported by any evidence. The State asserts error did not occur because Ferrell "served his sentences in these cases prior to the filing of the motions to correct an illegal sentence."

*Standard of Review*

This court has unlimited review over whether a sentence is illegal. *State v. Hankins*, 304 Kan. 226, 233, 372 P.3d 1124 (2016). We also exercise unlimited review over whether a case is moot. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020).

ANALYSIS

Generally speaking, "Kansas appellate courts do not decide moot questions or render advisory opinions." *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). "A case is moot when a court determines that 'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *Roat*, 311 Kan. at 584 (citing *Montgomery*, 295 Kan. at 840-41). Put differently, "the completion of a sentence does not necessarily render a case moot." *State v. Ward*, 311 Kan. 619, 624, 465 P.3d 1143 (2020). Instead, the court must conclude that the requested relief would not affect any of the appellant's rights, and "[t]he range of collateral interests that may preserve an appeal is wide." *Roat*, 311 Kan. at 594.

The mootness determination involves two steps. First, "[t]he party asserting mootness generally bears the initial burden of establishing that a case is moot in the first instance." 311 Kan. at 593. "In an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence." 311 Kan. at 593. Kansas law is clear that postrelease supervision is part of a defendant's sentence. *State v. Lehman*, 308 Kan. 1089, 1098, 427 P.3d 840 (2018).

Second, after the party asserting mootness has shown the sentence is complete, "[t]he burden then shifts to the party opposing the mootness challenge to show the

5

existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." *Roat*, 311 Kan. at 593.

Ferrell appears to argue that the State failed to clear the first threshold when it neglected to substantiate its assertion that he completed the terms and conditions of his sentence. He notes, "the State did not provide the district court with any documentation from the Kansas Department of Corrections that Ferrell had, in fact, completed his sentences in 92-CR-680 and 93-CR-371."

Ferrell is correct that the State failed to sustain this initial burden. The first mention of mootness arose in the State's request to dismiss the motion Ferrell filed in 92 CR 680:

> "The sentence [in] Reno County District Court case number 93 CR 371 was ordered to run consecutively to the sentence in this case. The sentence in this case, therefore, has already been served. Any action by the court at this point would be moot."

Its response to Ferrell's motion in case 93 CR 371 similarly stated as follows:

> "The defendant was ordered to serve a sentence of 71 months in the Department of Corrections in this case. The sentence was executed on May 6, 1994. The sentence in this case was ordered to run consecutive to the sentence in Reno County District Court case number 92 CR 680. The sentences in both cases have already been served, and the defendant is being held only on the Sedgwick County Rape and Burglary convictions. Any action by the court at this point would be moot."

Neither motion included any attached documentation. The next mention of mootness occurred at the hearing on Ferrell's motions, where the State explained that, in its estimation, Ferrell's sentences were complete. For its part, the district court provided no analysis and simply noted "I'm just going to find the conversion is moot. He's already served it and both motions are dismissed."

6

The identical journal entries are similarly cursory. They contain two paragraphs, the relevant one of which reads:

> "WHEREUPON, the Court, after hearing statements of counsel and being otherwise fully and duly advised in the premises finds that the defendant's motion is moot, as the sentence in this case has already been served and the Court dismisses the motion."

In other instances, Kansas courts have found that the completion of a sentence can be shown by attaching a document to a notice of change in custodial status pursuant to Supreme Court Rule 2.042. See, e.g., *State v. Wilson*, No. 121,910, 2020 WL 6533272, at *3 (Kan. App. 2020) (unpublished opinion); *State v. Luong*, No. 123,541, 2022 WL 263062, at *2 (Kan. App. 2022) (unpublished opinion).

Ferrell argues that the State failed to submit such a motion in this case. Specifically, he contends that "as of the filing of this Brief—on January 10, 2022—the state has not submitted any filing that may be required under Kan. S. Ct. R. 2.042 since these appeals were docketed on July 26, 2021."

The State appropriately responds that the rule Ferrell cites only requires it to serve notice if a custodial change occurs after an appeal is docketed. See *State v. Gross*, No. 120,161, 2019 WL 2553929, at *1 (Kan. App. 2019) (unpublished opinion) ("Kansas Supreme Court Rule 2.042 [2019 Kan. S. Ct. R. 18] provides that after an appeal is docketed, the State is obligated to serve notice on the clerk of the appellate courts of any change in the defendant's custodial status while the appeal is pending."). Here, both appeals were docketed in August 2021 and nothing in the record suggests that Ferrell was released from custody during the intervening time. The State is therefore correct that it was under no obligation to file a notice of change in custodial status.

That being said, the Rule 2.042 analysis is nevertheless relevant for what it says about the nature of documents considered sufficient for the State to meet its initial

mootness burden and establish completion of a defendant's sentence. See *State v. Castle*, 59 Kan. App. 2d 39, 46-47, 477 P.3d 266 (2020) (finding "a written 'Certification of Time Served' on KDOC official letterhead" was "reliable evidence sufficient to show that Castle is no longer in prison for the limited purpose of deciding whether this appeal is moot"); *Wilson*, 2020 WL 6533272, at *3 ("Attached to the notice is a copy of a letter from the Sedgwick County Sheriff's Office, dated June 10, 2020, confirming that according to its records Wilson has completed his sentence in 18CR2394."); *Luong*, 2022 WL 263062, at *2 (finding that an attached "letter from the Kansas Department of Corrections confirming Luong's release and not[ing] that he is reporting to the Kansas Department of Corrections Wichita Parole Office while serving his term of postrelease supervision" was "reliable evidence showing Luong is no longer serving jail time"). Similar documentation was treated as sufficient outside the Rule 2.042 context. See *State v. Spears*, No. 123,030, 2021 WL 4352536, at *2 (Kan. App. 2021) (unpublished opinion) ("On May 18, 2021, the State filed a written and sworn certification from the Kansas Department of Corrections (KDOC) record keeper, Vickie Belanger, showing the KDOC released Spears to supervision on May 7, 2021. This document is sufficient to meet the State's prima facie case.").

By contrast, we have specifically declined to assume a defendant completed their sentence when the record lacks verification of the State's mootness claim. For example, in *State v. Crowe*, No. 121,801, 2020 WL 7292672, at *1 (Kan. App. 2020) (unpublished opinion), Crowe's probation was revoked and he appealed to this court. The State argued the appeal was moot because Crowe already completed his sentence and pointed us to the journal entry of the probation revocation hearing to show Crowe was expected to be released on a date specific. This court determined the journal entry was insufficient to satisfy that purpose and explained that "[b]ecause nothing in the record confirms the State's assertion, we decline to assume he has completed his sentence." 2020 WL 7292672, at *1.

8

Similarly, the record in this case lacks any evidence that Ferrell's sentences are complete. Yet the State sets forth three reasons why this court should affirm the mootness finding and the district court's dismissals of Ferrell's motions to correct an illegal sentence.

First, it calls our attention to an email exchange it shared with Michelle Sullivan, the Manager of the KDOC Sentence Computation Unit, which is included as Exhibit C in the appendices of its brief. In the exchange, Sullivan explains that the prison portion of Ferrell's two Reno County cases was complete on November 30, 2000. Sullivan adds that Ferrell was returned to custody for the 2002 case while he was on postrelease supervision. Therefore, Ferrell had not completed his postrelease in the Reno County cases and the remainder of his postrelease was converted into a prison sentence and aggregated with his sentence in the 2002 case.

We acknowledge that this court has previously found that documents provided by the Manager of the KDOC Sentence Computation Unit were enough to show that a defendant's sentence was complete. See *State v. Stotts*, No. 123,240, 2021 WL 5858516, at *3 (Kan. App. 2021) (unpublished opinion) (the State "made a prima facie case of mootness" when "the State attached a letter from the Manager of the Kansas Department of Corrections' Sentence Computation Unit, confirming that Stotts had served the prison portion of her sentence, although she remained imprisoned for her sentence on another case"); *State v. Griffin*, No. 123,055, 2021 WL 4127829, at *4 (Kan. App. 2021) (unpublished opinion) ("In support of this assertion, the State attached a letter from Michelle Sullivan, the Manager of the Kansas Department of Corrections' (KDOC) Sentence Computation Unit, confirming that Griffin had served the prison portion of his sentence."). But in both cases the document was a formal attestation attached to a Rule 2.042 notice and was therefore part of the record. *Stotts*, 2021 WL 5858516, at *3; *Griffin*, No. 123,055, 2021 WL 4127829, at *4. Here, interestingly, the State correctly acknowledges in its brief that the exhibit is not part of the record. Under Supreme Court

9

Rule 6.03(b) (2022 Kan. S. Ct. R. at 37), evidence that is attached as an appendix but not included in the record may not be considered by this court. The rule provides, "At the option of the appellee, an appellee's brief may contain an appendix containing limited extracts from the record on appeal for the same purpose and subject to the same limitations prescribed for the appellant's appendix under Rule 6.02." Rule 6.03(b) (2022 Kan. S. Ct. R. at 37). The limitations under Supreme Court Rule 6.02(b) clarify, in part, that the appendix is for the court's convenience "and is not a substitute for the record itself." Rule 6.02(b) (2022 Kan. S. Ct. R. at 36).

Accordingly, even if an informal email exchange were sufficient, which it is not, this court will not consider such documentation attached to the State's brief as an appendix as sufficient to satisfy its obligation to make a prima facie showing that Ferrell completed his sentences. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 916-17, 416 P.3d 999 (2018) (declining to analyze an email chain attached to a petition because the email chain was not part of the record); *State v. Warren*, 302 Kan. 601, 614, 356 P.3d 396 (2015) (declining to analyze an affidavit and letters that "were appended to Warren's brief but were never formally introduced as evidence in the proceedings below or added to the record"); *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 895, 166 P.3d 1047 (2007) ("The court will not consider appended items which are not found in the record."); *Semotuk v. Dept. of Corrections*, No. 109,436, 2013 WL 4046613, at *3 (Kan. App. 2013) (unpublished opinion) ("In keeping with our appellate rules, we have disregarded any document appended to Semotuk's brief which is not a part of the record on appeal.").

Second, the State cites the KDOC website to support the district court's finding that Ferrell's sentences were complete. Similarly, Ferrell cites a document attached to his motion apparently generated by the KDOC. Kansas courts have found similar KASPER documents unreliable and insufficient for the State to meet its initial mootness burden. See *State v. Yazell*, 311 Kan. 625, 631, 465 P.3d 1147 (2020). So this evidence also is not compelling.

10

Finally, the State replies that "[t]he record in this case speaks for itself." It suggests that "[t]he information required for the determination of this issue is found within the record of the Reno County cases by simply determining when the defendant would have served his sentences." While it is true that the journal entries for the two cases are found within the record, as noted above, a panel of this court found a similar argument specious in *Crowe*.

Here, the State presented no documents to the district court to establish that Ferrell's sentences were complete and simply based its conclusion on the prosecutor's own estimation. The district court then found the matters were moot with no evidentiary basis beyond the State's speculation. The State thus did not meet its initial mootness burden, and the district court erred in concluding that Ferrell's contentions were moot without any evidence establishing the same. See *Roat*, 311 Kan. at 594.

Reversed and remanded with directions.