IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,458

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LOWELL-LAWRENCE WARD,
*Appellant.*

SYLLABUS BY THE COURT

An untimely motion to withdraw a plea is procedurally barred when the defendant does not meet the burden to show excusable neglect.

Review of the judgment of the Court of Appeals in 62 Kan. App. 2d 721, 522 P.3d 337 (2022). Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Submitted without oral argument November 3, 2023. Opinion filed December 22, 2023. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Brandon L. Jones*, county attorney, *Steven J. Obermeier*, assistant solicitor general, *Kristafer R. Ailslieger*, deputy solicitor general, *Derek Schmidt*, former attorney general, and *Kris W. Kobach*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: In 2021, Robert Lowell-Lawrence Ward moved to withdraw his 2013 plea of no contest to various crimes. The district court summarily denied the motion on

the merits. In doing so, it did not consider whether Ward could overcome the one-year time bar created by K.S.A. 2022 Supp. 22-3210(e) based on a showing of "excusable neglect." A divided Court of Appeals panel affirmed the district court in a published opinion, but it also did not consider the statutory limitation. *State v. Ward*, 62 Kan. App. 2d 721, 522 P.3d 337 (2022). On review, we ordered supplemental briefing to address whether Ward overcame the procedural hurdle of showing excusable neglect to the district court. He now concedes his motion is untimely.

Even so, Ward argues we should consider the merits because no one previously suggested the timeliness issue was a problem. The statute, however, does not give us that flexibility. We affirm the district court on other grounds and note the panel's merits review failed to consider the procedural bar. See *State v. Parks*, 308 Kan. 39, Syl. ¶ 2, 417 P.3d 1070 (2018) (holding an untimely motion to withdraw a plea is procedurally barred when the defendant does not meet the burden to show excusable neglect).

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Ward pled no contest to one count of criminal threat and two counts of assault. The district court accepted the plea and sentenced him accordingly. In 2021, he moved to withdraw his plea in the district court, while his K.S.A. 60-1507 appeal was pending in the Court of Appeals on remand. See *State v. Ward*, 311 Kan. 619, 624, 465 P.3d 1143 (2020). The district court denied the plea withdrawal motion on the merits without holding an evidentiary hearing, stating "there are no substantial questions of law or facts . . . no evidentiary hearing is necessary." Ward appealed, and a Court of Appeals' panel majority affirmed. *Ward*, 62 Kan. App. 2d at 721. Ward sought review in this court, which we granted.

2

Our evaluation of the record suggested Ward's motion in the district court did not comply with K.S.A. 2022 Supp. 22-3210(e)(1)'s requirement to file such a motion within one year of a final order on direct appeal. The district court sentenced him in August 2013, and Kansas law prohibited him from filing a direct appeal because he pled nolo contendere. See K.S.A. 2013 Supp. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507."). And Ward's 60-1507 motion did not implicate "other grounds going to the legality of the [2013] proceedings." K.S.A. 2013 Supp. 22-3602(a).

Therefore, the one-year period to withdraw his nolo contendere pleas expired in 2014. Both Ward and the State complied with our order for supplemental briefing to address whether the motion was timely since it was filed in 2021, and if not, what effect, if any, that had on the court's authority to consider the merits.

ANALYSIS

This court typically reviews summary denial of motions to withdraw pleas de novo, applying the same procedures and standards as a K.S.A. 60-1507 case because this court has "'the same access to the motion, records, and files as the district court.'" *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013) (quoting *State v. Neal*, 292 Kan. 625, 629, 258 P.3d 365 [2011]). But a threshold question is always whether the record reflects such motions comply with procedural requirements set out by the Legislature.

Ward correctly notes untimeliness is not an absolute bar to consider a motion to withdraw a plea so long as the district court first makes a finding of "excusable neglect." K.S.A. 2022 Supp. 22-3210(e)(2). But the district court made no such finding here. Still,

3

he argues we have considered a district court's dismissal of untimely motions to withdraw a plea in the past, but the cases he cites all involve a district court finding no excusable neglect. See, e.g., *State v. Davisson*, 303 Kan. 1062, 1070, 370 P.3d 423 (2016) (affirming the district court's ruling that the defendant did not establish excusable neglect for withdrawing his late motion to withdraw a plea); *State v. Ellington*, 314 Kan. 260, 265, 496 P.3d 536 (2021) (agreeing with the district court the defendant failed to show excusable neglect); *State v. Hill*, 311 Kan. 872, 878, 467 P.3d 473 (2020) (affirming district court's dismissal of the defendant's motion as untimely absent defendant arguing or showing excusable neglect).

When a district court summarily denies an untimely motion to withdraw a plea on the merits without addressing the procedural bar, this court will not review the merits. See *Moses*, 296 Kan. at 1126-28 (declining to "address the merits . . . [because defendant's] motion to withdraw pleas was untimely filed and is procedurally barred" even though the district court summarily denied the motion on its merits). Similarly, appellate review is not appropriate here. The record reflects Ward's motion is untimely and procedurally barred. The motion's summary dismissal on the merits does not change that.

In the absence of an express finding of excusable neglect, Ward argues we should just assume the district court made such a finding as necessary to support its conclusion on the merits. But that suggests at least two problems. First, he misses the context in which this court will make such an assumption. We will not employ this model when the record does not support such an assumption. See *State v. Riffe*, 308 Kan. 103, 111, 418 P.3d 1278 (2018). The record cannot support Ward's proposed assumption because the district court went straight to the merits without considering the time bar. Second, an extension of the applicable time requires the defendant make an "affirmative showing of excusable neglect." K.S.A. 2022 Supp. 22-3210(e)(2); see also *Davisson*, 303 Kan. at

4

1066. To make such an assumption would relieve Ward of that statutory burden. Besides, even in his supplemental briefing, Ward does not argue he meets the excusable neglect standard.

K.S.A. 2022 Supp. 22-3210(e)(2) permits a court to extend the one-year time limitation only upon an additional, affirmative showing of excusable neglect by the defendant. But Ward did not claim excusable neglect, and the district court made no determination on this threshold question. We affirm the district court on other grounds. See *State v. McAlister*, 310 Kan. 86, 87, 444 P.3d 923 (2019).

Judgment of the Court of Appeals is affirmed. Judgment of the district court is affirmed on other grounds.