NOT DESIGNATED FOR PUBLICATION

No. 127,491

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID SLOAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed November 15, 2024. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.

PER CURIAM: David Sloan appeals the Sedgwick County District Court's decision to impose a 120-day prison sanction when reinstating his probation, following a second technical violation of the conditions of his probation. This court granted Sloan's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48).

FACTUAL AND PROCEDURAL BACKGROUND

Sloan entered guilty pleas to drug crimes and the district court sentenced him to consecutive terms of 12 months' imprisonment followed by 12 months in jail. The district

court suspended the sentences of incarceration and granted Sloan a 12-month term of probation.

A little less than a year into Sloan's probation, the State moved to revoke his probation for technical violations of the conditions of probation. Sloan admitted to the violations, and the district court reinstated and extended his probation for 12 months, after an intermediate sanction of 2 days in jail. The court also transferred supervision of his probation to community corrections.

Three months after the first revocation hearing, the State again moved to revoke probation because Sloan failed to report to his probation officer. Again, Sloan admitted the allegations in the State's motion. The court reinstated and extended his probation for another 12 months with residence in sober living, following a 120-day prison sanction.

ANALYSIS

Sloan has appealed and moved for summary disposition of this appeal under Supreme Court Rule 7.041A. The State responded, concurring that summary disposition was appropriate. We granted the motion and ordered the case to be decided without briefing.

Sloan challenges the district court's imposition of a 120-day prison sanction as an abuse of judicial discretion. He does not contest either the extension of probation or the imposition of the sober-living condition on probation. Because he does not contest either the duration or conditions of his probation, but only the imposition of the 120-day prison sanction, we must consider whether Sloan's appellate argument is moot. See *State v. Ward*, 311 Kan. 619, 623-24, 465 P.3d 1143 (2020) (distinguishing cases challenging findings of probation violations and cases challenging only disposition after prison sentence is complete); *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012)

2

(holding that consideration of probation violation would constitute an "'idle act'" when Montgomery had served his entire underlying sentence).

Even though Sloan is presumably still on probation, his appellate challenge is limited to the 120-day prison sanction. Because the sanction was imposed on March 7, Sloan completed the sanction and resumed his probation before we heard his appeal. Even if the district court had abused its discretion by imposing a 120-day prison sanction rather than the 60-day sanction Sloan sought, we are unable to fashion a remedy for any such error. Whether the district court had imposed either length of sanction, Sloan would be placed back on probation after serving it and would remain on probation until the expiration of his probationary term, unless he were to violate those terms and return to jail on a new violation. No decision we would make today regarding the length of this sanction affects any disposition of Sloan's remaining term of probation. Accordingly, we must dismiss the appeal as moot.

Appeal dismissed.