NOT DESIGNATED FOR PUBLICATION

No. 127,222

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALTON XAVIER LAX,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Submitted without oral argument. Opinion filed July18, 2025. Affirmed.

*Cooper Overstreet*, of The David Law Office, LLC, of Lawrence, for appellant.

*Michael R. Serra*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., HILL and ARNOLD-BURGER, JJ.

PER CURIAM: Dalton Xavier Lax, an inmate serving a sentence for several convictions, appeals a district court's summary dismissal of his motion seeking habeas corpus relief. Our de novo review of the dismissal leads us to find that the motion, files, and records of the case establish that Lax is not entitled to relief. Accordingly, we affirm.

1

*A jury trial results in Lax's conviction of several crimes.*

Lax has been convicted of attempted first-degree murder, aggravated battery, criminal discharge of a firearm at an occupied dwelling. He is serving a 554-month prison sentence. All three convictions were affirmed on appeal to this court in *State v. Lax*, No. 121,540, 2020 WL 7409957 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. 1044 (2021).

In this appeal, we need not dwell on the facts of Lax's convictions; they can be found in Lax's direct appeal. *Lax*, 2020 WL 7409957, at *1-2. Essentially his prosecution dealt with a street gang retaliation shooting in Topeka. The State presented 18 witnesses and over 100 exhibits at trial. Lax did not testify. He chose to assert a general denial and attacked the credibility of the prosecution witnesses.

After the three convictions were affirmed and the mandate was issued in his criminal case, Lax timely filed a K.S.A. 60-1507 motion pro se. He alleged that his "conviction was obtained by knowing use of false testimony" that he did not become aware of until after trial. He asserted that "evidence has surfaced that prosecution witness Trevon Praylow testified falsely during trial concerning the lenient treatment he received." "Sometime before trial or just after trial evidence surfaced that Mr. Praylow was never able to identify Mr. Lax as the culprit and admitted such through Ryland Patton." Lax stated that this evidence was hidden "or was intentionally suppressed by the State" until after his sentencing. The prosecutor and "possibly defense counsel" should have known to correct the false testimony.

Lax also suggested that because "other key witnesses offered testimony much consistent with some critical points Mr. Praylow made in his testimony," those witnesses must have testified falsely as well. He called the consistencies between Praylow and other State witnesses "a fabrication orchestrated by the

2

State." Lax admitted he had not "established perjury (in fact) here," but there were considerable grounds for his allegations. He listed seven people who he stated could "either refute or substantiate" his claims, but he included no statement from any of them. One of the people listed was Ryland Patton. He asked for appointment of counsel and an evidentiary hearing.

The district court summarily denied the motion without appointing counsel or holding a hearing. The court reasoned that Lax's allegation that witnesses testified untruthfully with the State's knowledge was merely conclusory. The court correctly observed that Praylow's trial testimony had a basis in fact and that Praylow's testimony was just one piece of the prosecutor's case. In her written opinion, the judge pointed out Lax had not presented proof that Praylow had lied or that the State knew that Praylow had lied:

> "Aside from making conclusory allegations that witnesses testified untruthfully, Lax does not provide evidence that Praylow (or any other witness) actually lied or that the State suspected or knew about any alleged untruthfulness on Praylow's part. Praylow told police he did not identify Lax originally because he wanted to retaliate personally. This statement has some basis in fact when one considers that Praylow was allegedly shot in retaliation for his murder of Lax's close friend, and that many involved parties were allegedly members of rival gangs.
>
> "The record indicates Praylow did not identify Lax as the shooter until he faced his own charges. That does not mean he lied when he identified Lax. It could mean he lied to police initially about not knowing who fired the shots. Lax attacked Praylow's credibility at trial. Further, there were, as the Court of Appeals noted, 18 witnesses and more than 100 exhibits proffered at trial. Praylow's testimony was likely important, but it was just one piece of a much larger puzzle.
>
> "The Court does not find Lax is entitled to relief based on his conclusory allegations that Praylow testified falsely."

3

The district court granted a motion, allowing Lax until May 12, 2023, to file his notice of appeal. On May 10, 2023, Lax filed his notice of appeal.

*The rules governing habeas corpus relief are well established.*

To be entitled to relief under K.S.A. 60-1507, Lax must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2021 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2025 Kan. S. Ct. R. at 238) (preponderance burden).

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

Lax bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, his contentions must be more than conclusory and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

A conclusory argument has been described as an argument where the one making the argument "'attempts to persuade by mere assertion and repetition. Because it offers no reasons in support of its conclusion, a conclusory argument is incapable of persuading anyone who does not already agree.'" *State v. Ward*, 62 Kan. App. 2d 721, 732-33, 522 P.3d 337 (2022) (quoting Gardner, Legal

4

Argument: The Structure and Language of Effective Advocacy, p. 114 [2d ed. 2007]), *aff'd* 317 Kan. 822, 539 P.3d 1042 (2023).

In stating an evidentiary basis, Lax must merely "'set forth a factual background, names of witnesses or other sources of evidence to demonstrate that petitioner is entitled to relief.'" *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007). Consistent with this requirement, the form approved by the Judicial Council for K.S.A. 60-1507 motions requires Lax to "[s]tate concisely all the grounds on which you base your allegation that you are being held in custody unlawfully" and "[s]tate concisely and in the same order the facts that support each of the grounds set out . . . and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove those facts." See Supreme Court Rule 183(e) (2025 Kan. S. Ct. R. at 237).

It has been held to be "error to deny a K.S.A. 60-1507 motion without a hearing where the motion alleges facts which do not appear in the original record but which, if true, would entitle the movant to relief, and the motion identifies readily available witnesses whose testimony would support such facts." *Swenson*, 284 Kan. at 939. The rule does not require Lax to support the motion with affidavits by the witnesses. 284 Kan. at 938-39. And the rule does not require Lax's allegations to be corroborated so long as he sets forth a factual background and names of witnesses or other sources of evidence to demonstrate he is entitled to relief. *Sullivan v. State*, 222 Kan. 222, 223-24, 564 P.2d 455 (1977).

We liberally construe K.S.A. 60-1507 motions filed pro se. But a pro se movant must "allege facts sufficient to warrant a hearing on the motion, and 'mere conclusions of the defendant or movant are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record.'" *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). We do not remand for an

5

evidentiary hearing merely to "permit a fishing expedition in the hopes that the 60-1507 movant might catch a fact that could lead to something favorable." *Stewart v. State*, 310 Kan. 39, 54, 444 P.3d 955 (2019).

*We examine Lax's motion.*

In this K.S.A. 60-1507 motion, Lax alleges that Ryland Patton could testify that a trial witness, Trevon Praylow, had admitted to Patton that he—Praylow—had testified falsely in Lax's trial. Lax contends in his motion that the State suppressed the evidence that Praylow had recanted to Patton. Lax admits on appeal that he has provided no evidentiary basis to support his claim that the State had knowledge or should have had knowledge that Praylow recanted to Patton.

Lax's allegation that Praylow testified falsely lacked specifics, but it was not wholly conclusory. To support his claim, he identified a witness—Ryland Patton—who presumably would testify that Praylow had admitted he was never able to identify Lax as the shooter. Lax did not need corroboration for Ryland's statement at this stage in the proceedings. A reasonable person could be persuaded Praylow testified falsely given that Praylow only identified Lax as the shooter when faced with his own criminal prosecution. Praylow's credibility was an issue at trial. Thus, Lax's allegation that Praylow testified falsely would be minimally sufficient to permit Lax a hearing on his motion if that was all he had to prove.

But Lax's basis for relief under K.S.A. 60-1507 is that *the State suppressed the evidence that Praylow recanted to Ryland.* Lax admits on appeal he provided no evidentiary basis to support his claim that the State had knowledge or should have had knowledge that Praylow recanted to Ryland. Lax's allegation that the State suppressed evidence was wholly conclusory. Lax did not give any explanation or reasons to support the claim. He did not allege that Ryland told the

6

prosecutor or anyone in law enforcement that Praylow recanted. Ryland was not one of the State's witnesses at trial and his relationship to those witnesses is not explained in Lax's motion.

Lax also alleged that the consistencies between Praylow's trial testimony and other State witnesses' testimony must have been "a fabrication orchestrated by the State." This allegation was wholly unsupported with facts. His bare assertion—that the State orchestrated for numerous witnesses to lie at trial—is incapable of persuading anyone who does not already agree. This is a conclusory argument as described in *Ward*.

Moving on, we note that Lax argues he was denied his rights under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Under *Brady*, suppression by the prosecutor of material evidence favorable to the accused violates constitutional due process. 373 U.S. at 87. He maintains his K.S.A. 60-1507 motion provided sufficient information regarding Praylow's possibly perjured testimony, including a witness—Ryland Patton—who could testify Praylow admitted he was unable to identify Lax as the shooter. He argued in his motion the State knew or should have known about this evidence and withheld it from the defense, though he admits he provided no evidentiary basis to support his claim the State had such knowledge. Lax argues his claim can only be resolved with an evidentiary hearing.

Lax must show exceptional circumstances excusing his failure to raise this *Brady* argument at trial or on direct appeal. See *Wilkins v. State*, 286 Kan. 971, 989-90, 190 P.3d 957 (2008), where the court found no exceptional circumstances that would excuse the failure to raise a *Brady* claim at trial or on direct appeal. Supreme Court Rule 183(c)(3) (2025 Kan. S. Ct. R. at 237), points out that trial errors are corrected in appeals not in habeas corpus motions:

7

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

In *State v. Brown*, 318 Kan. 446, 448-49, 543 P.3d 1149 (2024), the court held that a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal unless the movant demonstrates exceptional circumstances excusing failure to raise it earlier.

To be clear, we point out that exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise the issue previously. See *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). Exceptional circumstances can include ineffective assistance of counsel claims or newly discovered evidence unknown to counsel and the movant at the time of trial and direct appeal. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (ineffective assistance of counsel); *Bledsoe v. State*, 283 Kan. 81, 88-89, 150 P.3d 868 (2007) (newly discovered evidence).

In his motion Lax did not establish Praylow's recantation was newly discovered evidence. He simply stated:

"Sometime before trial or just after trial evidence surfaced that Mr. Praylow was never able to identify Mr. Lax as the culprit and admitted such through Ryland Patton. Unfortunately, his own admissions concerning having given false testimony during trial . . . remained hidden (or was intentionally suppressed by the State) until after he was sentenced to 554 months. Despite that prosecuting attorney Michael F. Kagay (and possibly defense counsel, Napoleon

8

S. Crews) knew, or should have known, at trial, motion for new trial, at sentencing or otherwise, to correct such false testimony."

Lax does not give important information concerning the circumstances of the alleged statement that Praylow made to Ryland Patton, such as when he learned about that statement. Lax stated that the evidence surfaced sometime before trial or just after trial. This does not explain his failure to raise this issue on direct appeal. Thus, Lax failed to show any exceptional circumstances excusing his failure to raise the issue on direct appeal.

Accordingly, there is no good reason to excuse Lax's failures in presenting this habeas corpus motion. We hold that summary denial of Lax's K.S.A. 60-1507 motion was appropriate.

Affirmed.