No. 89,127

STATE OF KANSAS, *Appellee*, v. TUAN C. HUYNH, *Appellant*.

(92 P.3d 571)

Opinion filed June 25, 2004.

*Mary Curtis*, assistant appellate defender, argued the cause and was on the brief for appellant.

*Debra S. Peterson*, deputy district attorney, argued the cause, and *Boyd K. Isherwood*, assistant district attorney, and *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Movant Tuan Huynh entered a no contest plea to a first-degree felony murder charge in 1996 and received a life sentence. He appeals the district court's September 2001 rejection of his motion to withdraw his plea.

The defendant fired a gun multiple times into a group of five or six people leaving a restaurant, killing Charles J. Smith. Earlier in the evening, the targets were at a party at the restaurant with the

defendant. While dancing, certain hand movements were interpreted as disrespectful gang signs toward the defendant and his companions. Later, when both groups were leaving, the defendant fired out of the passenger window of his friend's moving car, aiming at Smith and his friends. The intended victims other than Smith were able to duck and thus avoid injury or death.

Huynh was charged initially with first-degree premeditated murder, and the State filed notice of its intent to seek a hard 40 sentence, *i.e.*, life without possibility of parole for 40 years. Huynh was represented by counsel and entered into a plea agreement, which provided in pertinent part: "In exchange for a *Brady* plea of guilty, the State [amended] the charge to felony murder with the underlying felony being aggravated assault." The underlying felony was not charged separately.

At his plea hearing, Huynh was represented by two attorneys. Huynh said that he fully understood English and his rights. He also said that he understood the plea agreement and wanted to enter into it.

Huynh argued in his motion that the underlying felony of aggravated assault would have merged into felony murder; that, as a result, he could not have been convicted of felony murder; that his attorneys failed to explain this to him; and that he should therefore be permitted to withdraw his plea. The district court summarily denied the motion.

K.S.A. 2003 Supp. 22-3210 governs pleas and provides in relevant part:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

(1) The defendant or counsel for the defendant enters such plea in open court; and

(2) in felony cases the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea: and

(4) the court is satisfied that there is a factual basis for the plea.

. . . .

"(d) . . . . To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

Our standard of review on a district court's ruling on a motion to withdraw a plea is abuse of discretion. *State v. Williams*, 259 Kan. 432, 435, 913 P.2d 587, *cert. denied* 519 U.S. 829 (1996). It was Huynh's burden to demonstrate manifest injustice under the statute. See K.S.A. 2003 Supp. 22-3210; *Williams*, 259·Kan. at 435.

Huynh relies on *State v. Fisher*, 120 Kan. 226, 243 Pac. 291 (1926), and *State v. Leonard*, 248 Kan. 427, 807 P.2d 81 (1991).

In *Fisher*, the defendant shot at a car killing a child inside. Fisher was charged with felony murder, with the underlying felony being an assault directed at all the occupants of the car. The court held:

"This contention cannot be sustained. . . .

". . . Here the act of the defendant in doing the shooting is either murder in the first degree or some other offense. That same act cannot be made the basis, first, of some other felony, as manslaughter, and then that felony used as an element of murder in the first degree." *Fisher*, 120 Kan. at 230-31.

The *Leonard* court faced analogous facts. The defendant drove his semi-truck into a crowd of people, killing one. Leonard was charged with the felony murder of the victim, with the underlying felony being aggravated assault of the numerous other individuals in his group. The court held that "the elements constituting the underlying felony must be so distinct from the homicide as not to be an ingredient of the homicide." *Leonard*, 248 Kan. 427, Syl ¶ 1.

"[Defendant's] *one act* of driving the semi-truck through the crowd is the basis for both charges. This one act is not separated in time and distance. The one act caused the killing. Because there was only one act, the elements of the aggravated assault are not distinct from the homicide. The aggravated assault charge merged with the felony-murder charge." 248 Kan. at 431.

The holdings of *Fisher* and *Leonard* were examined in *State v. Jones*, 257 Kan. 856, 896 P.2d 1077 (1995). The defendant in *Jones* shot at a group of people, killing an unintended victim, Roger Halley. Jones argued the attempted murder of the people in the group

was an "ingredient of the homicide of Halley" and the attempted murder charge merged with the felony-murder charge.

This court reviewed the holdings of *Fisher* and *Leonard* and held that the merger concerns of those cases were not present in Jones' case. *Jones*, 257 Kan. at 864-70. "Defendant was not charged with two offenses based on the same act. Nor was he charged with first-degree murder when there was no evidence of commensurate intention or premeditation." 257 Kan. at 869-70.

We stated:

"In general, a lethal act cannot serve as the independent collateral felony necessary to support a felony-murder conviction. However, this rule does not apply where the deceased was not an intended victim of the lethal act. Where the attempt to kill one person results in the death of another, the collateral felony of attempted murder is so distinct from the homicide as not to be an ingredient of it. Thus, . . . it does not merge with the homicide." 257 Kan. 856, Syl. ¶ 3.

Based on *Jones*, Huynh's motion was properly denied; there was no manifest injustice shown and no abuse of discretion. The factual basis for Huynh's plea recited by the prosecutor at his hearing was that Huynh's underlying aggravated assault was directed at individuals in the group other than the murder victim. Huynh did not engage in one act; he fired several times. *Jones'* gloss on *Fisher* and *Leonard* dictates that no merger occurs in such circumstances. The transcript of the hearing also makes clear that Huynh's plea was otherwise knowing and voluntary.

Affirmed.