No. 124,458

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LOWELL-LAWRENCE WARD,
*Appellant*.

SYLLABUS BY THE COURT

1.

To merit an evidentiary hearing, and to avoid summary denial, a motion must present substantial issues of fact or law that go beyond conclusory allegations.

2.

A motion to withdraw a guilty plea containing only vague or conclusory allegations or accusations and no additional facts in support of the alleged wrongdoing is subject to dismissal without an evidentiary hearing.

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed December 23, 2022. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

GREEN, J.: Robert Lowell-Lawrence Ward appeals the trial court's denial of his pro se motion to withdraw plea without holding an evidentiary hearing. Ward also claims that he was denied the right to effective assistance of counsel at the motion to withdraw plea hearing. In the motion, Ward asked the court to withdraw his plea of no contest in his criminal threat case because he was coerced into making the plea by his counsel's advice that false testimony could support a guilty verdict at trial. Ward requested that an evidentiary hearing be held on the matter. The trial court denied the motion on the merits because Ward's motion did not sufficiently address his plea arrangement and found that no evidentiary hearing was needed because there were no substantial questions of law or fact presented by the motion.

On appeal, Ward argues that the trial court erred in summarily denying the motion because his motion sufficiently alleged facts to warrant an evidentiary hearing. Ward also alleges that his motion counsel failed to function as Ward's advocate and argued against Ward's motion. A review of the record, however, shows that the trial court properly summarily denied Ward's motion without an evidentiary hearing because his pleadings made only conclusory ad hominem, abusive allegations and addressed issues irrelevant to Ward's plea agreement. Ward was also not denied the right to effective assistance of counsel because his motion counsel's representation did not fall below an objective standard of reasonableness and his assistance did not prejudice Ward. As a result, the majority affirms.

FACTS

For acts that occurred on October 11, 2012, the State charged Ward in Franklin County District Court with criminal threat, violation of a protective order, domestic battery, and battery. Under a plea agreement, Ward entered a no-contest plea on the record to one count of criminal threat and two counts of assault.

2

In the written plea agreement, Ward acknowledged that he understood the offenses for which he was charged and that if the case were to go to trial, the State could establish sufficient facts to enable a reasonably instructed jury to find him guilty beyond a reasonable doubt. By accepting the plea agreement, Ward admitted that he was waiving his right to a jury trial, to call and confront witnesses, to require the State to prove the charges beyond a reasonable doubt, and to have the judge and jury presume his innocence until proven guilty. Ward expressed that he made the decision to accept the plea completely voluntarily, without the influence of threat, leniency, duress, or coercion of any kind. And Ward recognized that he was satisfied with the representation that his attorney provided and that he did not dispute that advice.

The trial court reiterated these rights with Ward at the plea hearing on June 10, 2013. Ward acknowledged to the court that he was entering his plea freely and voluntarily, without the influence of drugs, alcohol, or prescription medicine affecting his judgment. Once again, Ward expressed that he was satisfied with his counsel's advice on the entry of plea. Ward pleaded no contest to the three counts contained in the second amended complaint and was found guilty of each of those offenses. At sentencing in August 2013, the trial court imposed an underlying 14-month jail sentence but suspended that sentence and granted probation for 12 months.

Five months later, on January 31, 2014, the State moved to revoke Ward's probation alleging that he violated the terms of his probation by having violent contact with the victim from the previous incident and for engaging in physical violence. Following this incident, the State brought a separate case against Ward in Franklin County District Court. At the August 2014 revocation hearing, the trial court revoked Ward's probation to serve a 60-day jail sanction and reinstated probation to extend another 12 months after completing the sanction. Then in February 2015, the State moved to revoke Ward's probation for the second time alleging that Franklin County authorities arrested Ward again and charged him in a third criminal case.

Under a plea agreement in Ward's 2014 and 2015 cases, Ward stipulated to violating his probation in his original case. The trial court accepted the stipulation and found that Ward had violated his probation. Ward pleaded guilty to the charges in the 2015 case, and the State recommended that the trial court dismiss the 2014 case. At sentencing, the trial court revoked Ward's probation in his 2012 case and ordered him to serve his original 14-month prison sentence. The trial court ordered this sentence to run consecutive with his 17-month sentence imposed in the 2015 case, and the trial court dismissed the 2014 case with prejudice.

In the months that followed, Ward filed 10 pro se postsentencing motions and sent 4 letters to the trial court seeking to overturn his sentence in the 2012 case. The trial court denied all of Ward's motions, and Ward appealed. In September 2017, this court dismissed Ward's appeal as moot because Ward had served the entire prison portion of his sentence. Our Supreme Court granted Ward's petition for review. On review, our Supreme Court reversed this court's decision and remanded the case to this court to reconsider the mootness issues. See *State v. Ward*, 311 Kan. 619, 624, 465 P.3d 1143 (2020). On remand, a panel from this court again dismissed Ward's appeal as moot because the alleged future harm was too speculative to refute a finding of mootness, and the claim did not present a vital or substantial right requiring judgment. Ward petitioned for review, and our Supreme Court denied the petition. See *State v. Ward*, No. 116,545, 2021 WL 219233, at *4 (Kan. App. 2021) (unpublished opinion), *rev. denied* 315 Kan. 971 (2022).

Before our Supreme Court ruled on the second petition for review, Ward filed a motion in the trial court to withdraw his plea in his 2012 case to correct manifest injustice. In the motion, Ward alleged that the trial court "abused its discretion by relying on factual determinations not properly established by an evidentiary record." Ward also alleged that he was coerced into entering a plea, and that his defense counsel failed to advise him of his right to appeal the probation violations, scared him into not testifying,

and stated: "'[H]ow scary prison is, and how [the trial] court would allow false testimony to gain a conviction at trial.'" Most of the motion, however, challenges the trial court's decision to revoke his probation in 2014.

In March 2021, the trial court appointed defense attorney John Boyd to represent Ward on his motion to withdraw a plea. After the trial court granted two continuances, Ward requested an evidentiary hearing on the motion to withdraw a plea. The trial court denied the motion, however, noting at the July 2021 motion hearing that the basis on which Ward argued that his plea should be withdrawn had "nothing to do with the plea and whether he committed that crime or not." And the trial judge stated that Ward was "upset still and alleging that there was misrepresentations on the motion to revoke his probation in '14 or '15, which he essentially made the same argument in a 1507, which I denied on the merits." Ward maintained that he wanted the opportunity to tell the court he was innocent of the probation violation and that his previous defense counsel did not allow him to testify at the probation violation hearing. The trial court suggested it did not believe that it had jurisdiction over Ward's other cases and that this court had determined Ward's previous motions were moot. Still, the trial court continued the hearing to allow additional time to consider whether to hold an evidentiary hearing.

At the final hearing in August 2021, the trial court ruled that there were no substantial questions of law or fact presented by Ward's motion to withdraw his plea and that no evidentiary hearing was necessary. The trial court denied the motion on the merits finding that there was no manifest injustice. The trial court explained that Ward's motion did not appreciate the different burdens of proof between a jury trial and probation revocation hearing, and the dismissal of one of the cases under the plea agreement had no legal effect on the trial court's decision to revoke Ward's probation and impose his jail sentence. The trial court also denied the motion because the same issues were already litigated in the previous appeal, and this court dismissed that appeal as moot because Ward had served his entire sentence.

Ward timely appealed the trial court's summary denial of his motion to withdraw a plea without providing an evidentiary hearing.

ANALYSIS

*Did the trial court err in summarily denying Ward's motion to withdraw his plea without granting an evidentiary hearing?*

Ward argues the trial court erred in summarily denying his motion to withdraw his plea. After the trial court pronounces the sentence, it may allow the defendant to withdraw a plea and set aside the judgment in order "[t]o correct manifest injustice." K.S.A. 2021 Supp. 22-3210(d)(2). An appellate court generally reviews the denial of a motion to withdraw a plea for an abuse of discretion. The defendant has the burden of proving abuse of discretion. When a motion to withdraw a plea is summarily denied without an evidentiary hearing, however, the appellate court applies the same procedures and standards of review as in cases arising out of K.S.A. 60-1507. The appellate court exercises de novo review because it has the same access to the motions, records, and files as the trial court, and it determines whether the motion, records, and files conclusively show that the defendant is entitled to no relief. To merit an evidentiary hearing, and to avoid summary denial, a motion must present "substantial issues of fact or law" that go beyond conclusory allegations. *State v. Fritz*, 299 Kan. 153, 154-56, 321 P.3d 763 (2014).

Before the majority addresses the merits of the trial court's decision to deny Ward's motion, the State contends that Ward's appeal should be barred under the law-of-the-case doctrine and res judicata. The law-of-the-case doctrine prevents a party from relitigating an issue already decided on appeal in successive stages of the same proceeding. *State v. Parry*, 305 Kan. 1189, 1189, 390 P.3d 879 (2017). Similarly, res judicata will bar a successive suit when it meets four conditions: (1) it raises the same claim, (2) it involves the same parties, (3) the claims were or could have been raised in

6

the previous case, and (4) there was a final judgment on the merits. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). The State argues that Ward's motion to withdraw his plea is another attack on his probation revocation, and the parties already litigated that issue when this court dismissed the appeal from his previous K.S.A. 60-1507 motion as moot.

Ward clarifies in his reply brief, however, that the motion was different because he sought to withdraw his plea and set aside his convictions because his counsel's advice coerced him into entering a plea in the 2012 case. Ward filed the motion pro se in the trial court. Pro se pleadings are liberally construed, giving effect to the pleading's contents rather than the labels and forms used to articulate the defendant's arguments. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). In his pro se motion, Ward alleged that the trial court "blocked the testimony from Mr. Ward, he wanted to advise the court of being coherced [*sic*] into a plea. Of his lawyer scaring him to not testify." And his "'[a]ttorney stating how scary prison is, and how this court would allow false testimony to gain a conviction at trial.'" Although, admittedly, much of Ward's motion attacks the integrity of his 2014 probation revocation, when this court liberally construes his motion to withdraw his plea, it is sufficient to establish that he is seeking relief on a separate issue distinct from his previous K.S.A. 60-1507 motion. For example, before he filed this motion, the trial court had not previously decided whether Ward should be allowed to withdraw his plea. Thus, Ward's motion to withdraw his plea is not barred by the law-of-the-case doctrine and res judicata as argued by the State.

Turning to the merits of the denial of the motion, the court previously noted that after a trial court pronounces a sentence, a court may allow the defendant to withdraw a plea and set aside the judgment in order "[t]o correct manifest injustice." K.S.A. 2021 Supp. 22-3210(d)(2). The defendant bears the burden of establishing manifest injustice. *State v. Huynh*, 278 Kan. 99, 101, 92 P.3d 571 (2004). To establish manifest injustice, the defendant must demonstrate facts showing that it would be obviously unfair or shocking

to the conscience not to permit withdrawal of the plea. *State v. Oliver*, 39 Kan. App. 2d 1045, 1048, 186 P.3d 1220 (2008). Three factors, also known as the *Edgar* factors, guide the trial court's analysis on a motion to withdraw a plea: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors, however, are not exhaustive. See *Fritz*, 299 Kan. at 154.

Ward first argues that his motion to withdraw his plea sufficiently alleges that the ineffective assistance of counsel caused him to enter into a plea agreement, and the trial court erred in summarily denying his motion without an evidentiary hearing to determine whether any of the *Edgar* factors applied. When a postsentencing motion to withdraw a plea alleges ineffective assistance of counsel, the constitutional test for ineffective assistance must be met to establish manifest injustice. *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). This two-prong analysis considers: (1) whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different. See 298 Kan. at 969-70 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). In the context of a motion to withdraw a plea, the defendant must show that, but for counsel's deficient performance, he or she would have insisted on going to trial rather than entering the plea. *Kelly*, 298 Kan. at 970.

Under the *Strickland* analysis, Ward argues that he has met his burden of alleging facts adequate to warrant an evidentiary hearing. See *Kelly*, 298 Kan. at 969. Ward maintains that his counsel gave him inaccurate legal advice that constituted deficient performance when the trial court "blocked the testimony from Mr. Ward, he wanted to advise the court of being coherced [*sic*] into a plea. Of his lawyer scaring him to not

8

testify." And his "'[a]ttorney stating how scary prison is, and how this court would allow false testimony to gain a conviction at trial.'"

The majority has two quarrels with Ward's contentions—one based on the record and one based on logic.

The majority cannot agree with Ward's contentions about the trial court and his attorney. The majority will repeat Ward's broad-brush factual allegations to test their soundness. For example, he maintains that the trial court "blocked the testimony from Mr. Ward, he wanted to advise the court of being coherced [*sic*] into a plea. Of his lawyer scaring him to not testify." And his "'[a]ttorney stating how scary prison is, and how this court would allow false testimony to gain a conviction at trial.'" Ward's factual allegations in this regard are reduced to little more than innuendoes. With no support in the record, Ward insinuates that the trial court blocked his testimony about his being coerced into entering the plea and how his attorney told him that the trial court would accept false testimony against him to gain a conviction.

How did the trial court block Ward's testimony? First, there is nothing in the record that shows the trial court discouraged Ward from testifying during his plea hearing. Second, Ward acknowledged in writing that he was accepting this plea without any coercion of any kind. For example, in the written plea agreement, Ward acknowledged that he understood the offenses for which he was charged and that if the case were to go to trial, the State could establish sufficient facts to enable a reasonably instructed jury to find him guilty beyond a reasonable doubt. In accepting the plea agreement, Ward admitted that he was waiving his right to a jury trial, to call and confront witnesses, to require the State to prove the charges beyond a reasonable doubt, and to have the judge and the jury to presume his innocence until proven guilty. Ward expressed that he made the decision to accept the plea completely voluntarily, without the influence of threat, leniency, duress, or coercion of any kind. Finally, Ward told the trial

court, in open court, that he was entering his plea without any coercion or undue influence.

As to his attorney, Ward acknowledged that he was satisfied with the representation that his attorney provided and that he did not dispute that advice. Under the *Strickland* analysis and the *Edgar* factors, Ward has not shown that his plea counsel's performance fell below the objective reasonableness standard. Indeed, even though Ward's sentence was presumptive prison, Ward's counsel negotiated a plea bargain that allowed him to remain free on probation. In his written plea agreement, Ward acknowledged that he was satisfied with the advice that his counsel provided, that he believed his attorney did all that anyone could do to assist him, and that he had no dispute or question about that advice. Then, at the plea hearing, Ward reiterated to the court that he was satisfied with the advice of his counsel on the entry of his plea. A review of the record shows that Ward's counsel provided competent assistance and advice to Ward in entering his plea.

Next, the majority notes that Ward's bald factual assertions against the trial court and his attorney are mere ad hominem, abusive allegations. This fallacy is designed to impugn the integrity and character of both the court and his attorney. And this common ad hominem technique is used to raise questions about a person's moral fitness and trustworthiness.

Turning our attention again to the record of Ward's motion to withdraw his plea, the majority notes that he made two compelling assertions against lying in his motion. First, he expressed a strong aversion to lying. So much so, in one point in his motion he specifically stated:  "'A lie is a lie, no matter what [its] subject.'" Second, in another point in his motion, he stated:  "No matter how many times a lie is sent forward, it is still a lie." Ward's condemnation against lying is admirable. So, the majority was perplexed when it noted that Ward had abruptly discarded his aversion about lying that he had earlier

10

outlined in his motion and blatantly lied to the trial judge during his plea hearing on June 10, 2013, when the trial judge asked Ward and his counsel the following questions:

"THE COURT:  All right. Does the defendant contest the factual basis for purposes of the pleas today?

"[DEFENSE COUNSEL]:  No, your Honor. I would add that my client had recently had his mental health medication adjusted at that time and was having some difficulty with the resulting adjustment of his mental health medication, and then there was also some alcohol involved, so it was just kind of a bad week or two there where he was making an adjustment transition from one drug to another.

"THE COURT:  Okay, but he's not challenging the factual basis? He's not asserting his problems with his medication as a defense in this case?

"[DEFENSE COUNSEL]:  No, he is not.

"THE DEFENDANT:  No."

In his motion to withdraw plea, Ward maintained that he has no memory of the events underlying his criminal threat charges. Indeed, in challenging the factual basis of his plea and in alleging that he has no memory of the alleged criminal offenses, Ward states in his motion the following:  "He [his plea attorney] never told his client [Ward] there was no factual basis for the alleged criminal threat. (Defendant Ward was under medication on alleged [incident] night. He had no knowledge of threatening [the victim].)."

Thus, Ward contends that in addition to his allegations of coercion, there are two other reasons why he should be allowed to withdraw his plea:  (1) because there was no factual basis for his alleged criminal threat charges and (2) because of the effects of medication he was taking, he has no memory of committing the offenses in this case. But if Ward's two previously mentioned contentions are treated as true, then Ward plainly lied to the trial judge when he and his attorney told the judge that Ward was "not

11

challenging the factual basis" of his plea and when he and his attorney told the trial judge that Ward was not asserting "his problems with his medication as a defense in this case."

Obviously, if Ward had answered the trial judge's questions based on his two current contentions, the trial judge would not have accepted his plea. So, if Ward's two contentions are treated as true, it is unassailable that Ward lied twice to the trial judge during his plea hearing.

Furthermore, if Ward's contention that he has no memory of committing the offenses in this case because of medication he was taking is treated as true, then he also lied in his written plea agreement that he signed on the same day as his plea hearing. Also, the State and the trial court would not have accepted his written plea agreement. During his plea hearing, the trial judge directed Ward's attention to his written plea agreement that he had previously signed:

> "THE COURT: . . . . Mr. Ward, if you'll direct your attention up to the bench. Is that your signature on page 10 of the plea agreement?
> "THE DEFENDANT: Yes, your Honor."

The trial judge accepted and signed Ward's written plea agreement.

Under paragraph 13 of Ward's written plea agreement, Ward acknowledged, under the penalty of perjury, the following:

> "My mind is clear and I am not presently under the influence of alcohol or drugs or under a doctor's care for mental, emotional, or psychological conditions which would in any way affect my ability to make a reasoned and well-informed judgment or decision, and I know of no reason, why my mental competence at the time of the commission of the offense(s) or at the present time should be questioned. I am satisfied that I am in full

12

possession of my faculties and well able to make sound and reasoned decisions as to what is in my best interest."

Here, Ward acknowledged under his written plea agreement that he was in full possession of his "mental competence" when he committed his crimes in this case. He further acknowledged that his "mental competence" should not be questioned. So, if Ward's contention that he has no memory of committing the offenses in this case because of medication he was taking is treated as true, then he lied in his written plea agreement.

Obviously, Ward's lack of memory about the events underlying his criminal threat charges places his credibility and memory in issue concerning his truthfulness about his ad hominem, abusive allegations made against his attorney and the court. Indeed, a faulty memory creates a presumption against the credibility of any of Ward's allegations. Moreover, his lack of memory about the events underlying his criminal threat charges shows a possible motive to fabricate his bald contentions against his attorney and the court contained in his motion to withdraw his plea.

Generally, it is improbable that someone should remember what he or she professes to remember and, yet, forget or have no memory about the other things connected to those things remembered.

For example, why is Ward clearly able to recall the specific details surrounding how the trial court and his attorney allegedly coerced him into entering a plea of no contest to his criminal threat charges? Is the majority to assume that he can vividly remember those concrete facts about the coercion he endured because he was not taking his medication then, but now he is unable to remember anything about his criminal threat charges? Surely not:  Ward acknowledged in his written plea agreement that he was in full possession of his "mental competence" when he committed his crimes in this case.  Is the majority to further assume that at all other times during these criminal proceedings

13

that Ward was taking his medication, and thus, except for the alleged coercion, he has absolutely no memory of the events underlying his criminal threat charges? Assuredly, not; the majority cannot endorse such an implausible assumption. Nevertheless, based on Ward's factual allegations and pleadings, this is exactly what he is asking the majority to do. Because Ward's assumption is fatally flawed, it is baseless as a matter of fact and wrong as a matter of law.

Ward's conclusory argument is unpersuasive because he has failed to show why the majority should accept his ad hominem, abusive allegations and pleadings as true. Also, he has failed to establish that there is a substantial question of law or fact that warrants an evidentiary hearing. Ward offered no further argument to contradict his original position that he was satisfied with his counsel's advice. In his written plea agreement and at the plea hearing, Ward explained that he was satisfied with his counsel's advice, and he was entering a plea without any coercion or undue influence. Ward had the opportunity to express his concerns with his plea arrangement at the hearing, but he only raised the issue after his probation was revoked.

Now the majority turns to the dissent's argument in this issue. The crux of the dissent's argument rests on its conclusion that Ward's factual allegations are not conclusory. The dissent maintains that "Ward gave two reasons to support his claim that his counsel coerced his plea." Slip op. at 30. Thus, the dissent contends that the factual allegations are not conclusory. What is a conclusory argument? A conclusory argument "is one whose propounder attempts to persuade by mere assertion and repetition. Because it offers no reasons in support of its conclusion, a conclusory argument is incapable of persuading anyone who does not already agree." Gardner, Legal Argument:  The Structure and Language of Effective Advocacy, p. 114 (2d ed. 2007).

What, then, do we know? We know that the dissent first points out that Ward alleged that his counsel scared him to not testify by "'stating how scary prison is.'" Slip

op. at 30. Second, the dissent notes that Ward alleged that his counsel gave him inaccurate advice that the "'court would allow false testimony to gain a conviction at trial.'" Slip op. at 30. What makes these two factual allegations of Ward conclusory? They are conclusory because Ward has failed to back up his factual assertions that his attorney and the court coerced him into entering the plea. Thus, he has failed to ground his factual contentions contained in his minor premise. Indeed, there are no facts in this record which substantiate any of Ward's factual allegations. To illustrate, Ward's factual allegations do not even allege when or where his attorney was supposed to have made these allegations of coercion. He completely fails to allege any facts surrounding the circumstances of these factual allegations. So, Ward attempts to persuade by mere assertion and repetition.

Moreover, the dissent acknowledges that to merit an evidentiary hearing and to avoid summary denial, a motion must present "substantial issues of fact or law" that go beyond conclusory allegations. *Fritz*, 299 Kan. at 156. Here, Ward's factual allegations are conclusory, and they do not satisfy the substantial issues of fact requirement under *Fritz*. Ward's factual allegations are not sufficient to allow a reasonable inference that he was coerced into entering his plea.

Indeed, Ward's unsupported factual allegations simply state a conclusion of coercion, but he fails to back up this factual conclusion adequately. Simply put, Ward's minor premise (his attorney and the court coerced him into entering the plea) is inadequately grounded. When the minor premise of an argument is inadequately grounded, any effort spent grounding the premise is well invested so the court may accept it. Here, Ward has spent no effort in trying to ground his minor premise. Based on Ward's two bald factual allegations, he has failed to adequately ground his factual allegations of coercion. So, he has failed to show why the majority should accept his minor premise as true. As a result, his factual allegations are merely conclusory.

15

Even so, there is alternative reason—independent of Ward's invalid conclusory factual allegations argument—why his allegations should not be accepted as true. Here, the record shows that Ward blatantly lied twice to the trial judge when he and his attorney told the judge that Ward was not challenging the factual basis of his plea and that Ward was not asserting that the problems with his medication was a defense in this case. Also, Ward lied in his written plea agreement when he acknowledged the following: "I know of no reason, why my mental competence at the time of the commission of the offense(s) or at the present time should be questioned." Because Ward lied twice in open court during his plea hearing and because he lied in his written plea agreement, involving an issue connected with his motion to withdraw plea, his factual allegations ought not be accepted as true.

Moreover, the omission of important or striking matters does, in general, tend to discredit the testimony or allegation of a party. Here, Ward maintains that the trial court "blocked the testimony from Mr. Ward, he wanted to advise the court of being coherced [*sic*] into a plea. Of his lawyer scaring him to not testify." And his "'[a]ttorney stating how scary prison is, and how this court would allow false testimony to gain a conviction at trial.'" But in these allegations of coercions, Ward specifically fails to mention or allege that his attorney ever told him to lie—when the judge would ask him if he was entering his plea free of any prescription medication that could cloud his judgment—in support of his previously mentioned allegations of coercion. Here, the circumstances are such as to make it probable that if Ward's attorney had told him to lie—when the judge would ask him if he was entering his plea free of any prescription medication that could cloud his judgment—Ward assuredly would have mentioned this additional accusation of coercion by his attorney if it existed. Ward's failure to mention this additional accusation of coercion by his attorney does, in absence of an explanation, lead to one conclusion: that this additional accusation of coercion by his attorney does not exist; thus, Ward's other allegations of coercion are not trustworthy either.

16

The dissent has cited several cases of our Supreme Court which have considered when a party has made a conclusory argument. In this inquiry, the dissent has cited the following cases that have addressed this issue: *Mundy v. State*, 307 Kan. 280, 408 P.3d 965 (2018); *Bellamy v. State*, 285 Kan. 346, 172 P.3d 10 (2007); and *State v. Jackson*, 255 Kan. 455, 874 P.2d 1138 (1994). Most significantly, the dissent argues that of these three cases, the *Bellamy* case is more similar to Ward's case than the *Jackson* and the *Mundy* decisions. The majority disagrees. The majority believes that Ward's case is more like the *Jackson* decision than the *Bellamy* decision.

For example, in *Jackson*, the defendant, Jackson, sought to withdraw his guilty pleas based on his allegations that his attorney had coerced him into pleading guilty to one count of aggravated kidnapping, three counts of aggravated robbery, one count of aggravated battery, and one count of kidnapping. Jackson contended that he was compelled to plead guilty to those offenses because his attorney coerced him to do so. Our Supreme Court, however, concluded that Jackson's meager contentions were mere conclusions, which did not require an evidentiary hearing to deny any relief. In reaching this decision, the *Jackson* court grounded its conclusion on the fact that Jackson had failed to designate "additional facts in support of his contentions of coercion and ineffective assistance of counsel." 255 Kan. at 463. The majority notes that Jackson's previously mentioned allegations of coercion are very similar to Ward's scant allegations of coercion.

Also, Ward's and Jackson's allegations of coercion are dissimilar to the contentions made in *Bellamy*. For one thing, Bellamy made a specific accusation that his attorney failed to properly tell him about the law of consent involving his rape charge. Here, Jackson and Ward simply allege that their attorneys coerced them into entering their plea. This points to a material factual likeness between the *Jackson* holding and Ward's case, which outweighs any negative resemblances in the compared factual scenarios.

17

Under *Jackson*, a motion to withdraw a guilty plea containing only vague or conclusory allegations or accusations and no additional facts in support of the alleged wrongdoing is subject to dismissal without an evidentiary hearing. Thus, Ward's allegations of coercion were not of a sufficient evidentiary basis to warrant an evidentiary hearing.

Based on the record before us, Ward's motion contains mere conclusory factual allegations that do not provide a substantial question of law or fact that warrant an evidentiary hearing on whether his plea should be withdrawn. Thus, the majority concludes that the trial court properly summarily denied Ward's motion to withdraw a plea without providing an evidentiary hearing. Because Ward offers no reasons in support of his conclusory argument, the majority further concludes that it is not warranted by the law.

*Was Ward denied the right to effective assistance of counsel at the motion to withdraw his plea hearing?*

In the alternative, Ward argues that his counsel—Boyd—provided ineffective assistance of counsel by failing to advocate at the plea withdrawal hearing and arguing against his client. Thus, Ward urges us to reverse the trial court's denial of his motion to withdraw his plea and remand for a new hearing with new counsel. The State argues that the court cannot review this issue because Ward failed to preserve it, and it cannot be addressed for the first time on appeal. The State also argues that Ward's argument should be denied on the merits because Boyd's performance did not fall below an objective standard of reasonableness given the motion's likelihood of success.

Ineffective assistance of counsel claims based on deficient performance involve mixed questions of fact and law. *State v. Cheatham*, 296 Kan. 417, 430, 292 P.3d 318 (2013). For ineffective assistance of counsel claims on which there is no evidentiary

18

hearing in the trial court, the appellate court reviews de novo the trial court's determination that relief should be denied on the motion, files, and records of the case. The burden of proof in establishing ineffective assistance of counsel is on the defendant. *Fuller v. State*, 303 Kan. 478, 485-86, 363 P.3d 373 (2015).

Ward did not argue before the trial court that his counsel at the motion to withdraw his plea hearing was ineffective. He raises this issue for the first time on appeal. "Claims of ineffective assistance of counsel, as a general rule, cannot be raised for the first time on appeal. Rather, in most cases a trial court must consider the evidence to determine the two-prong test for establishing ineffective assistance of counsel." *Trotter v. State*, 288 Kan. 112, Syl. ¶ 10, 200 P.3d 1236 (2009). An appellate court may consider a claim of ineffective assistance for the first time on appeal if: (1) there are no factual issues in dispute, and (2) the test for ineffective assistance of counsel can be resolved as a matter of law based on the record. *State v. Salary*, 309 Kan. 479, 483-84, 437 P.3d 953 (2019). Ward's argument that Boyd's representation failed to meet constitutional requirements relies only on the factual allegations he made at the motion to withdraw his plea hearing. Ward argues that Boyd failed to advocate on his behalf at the plea withdrawal hearings by disparaging Ward's motion and agreeing that Ward wanted to relitigate his previous K.S.A. 60-1507 motion. The court can decide this argument as a matter of law upon reviewing the withdraw plea transcripts, which are not subject to factual dispute. Thus, Ward's claim of ineffective assistance of counsel is properly before the court for the first time on appeal.

Again, ineffective assistance of counsel claims based on deficient performance are controlled by the two-prong *Strickland* analysis. To establish ineffective assistance of counsel, the defendant must show (1) his attorney's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Balbirnie v. State*, 311 Kan. 893, 894, 468 P.3d 334 (2020) (citing *Strickland*, 466 U.S. at 687-88). When the defendant is completely denied the assistance of counsel or denied

19

counsel at a critical stage of the proceedings, however, there is a presumption of prejudice to the defendant. *State v. Galaviz*, 296 Kan. 168, 181, 291 P.3d 62 (2012) (citing *United States v. Cronic*, 466 U.S. 648, 658-59, 104 S. Ct. 2039, 80 L. Ed. 2d 657 [1984]). *Cronic* provides that counsel is ineffective when the record "demonstrate[s] that counsel failed to function in any meaningful sense as the Government's adversary." 466 U.S. at 666. In reviewing counsel's representation, there is a ""strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."" *Fuller*, 303 Kan. at 488 (quoting *State v. Betancourt*, 301 Kan. 282, 306, 342 P.3d 916 [2015]).

Ward argues that the *Cronic* exception should apply because Boyd denied him counsel at the plea withdrawal hearing by failing to advocate on his behalf for the court to grant his motion. And Boyd's failure to act as an advocate is deficient performance that establishes a successful ineffective assistance of counsel claim. In support, Ward offers *Robertson v. State*, 288 Kan. 217, 201 P.3d 691 (2009). Under *Robertson*, appointed counsel "is simply not free to act merely as an objective assistant to the court or to argue against his or her client's position." 288 Kan at 229. Rather, counsel must pursue relief for their client "within the stricture of required candor to the court or other ethical rules." 288 Kan. at 229.

First, Ward argues that Boyd was deficient because counsel made several comments disparaging his motion to withdraw his plea and agreed with the trial court that Ward was attempting to relitigate his previous K.S.A. 60-1507 motion. At the May hearing, Boyd stated:

> "MR. BOYD: Judge, I have trouble trying to get ahold of Mr. Ward on the telephone to clarify his legal issues. I was able to with letters get a—find a way to do that, and I've gotten a phone conference set for him later this week, I'll be actually able to talk

20

to him, and I think I really need to do that to make heads or tails out of the correspondence I received."

After Ward and Boyd were able to discuss his motion further, Ward claims that Boyd then argued against his motion at the August hearing. After the trial court denied his motion and expressed its concerns that Ward's motion was mainly arguing against his probation revocation, Boyd stated in response:

> "MR. BOYD: Your Honor, I was able to glean more or less the same arguments from my client as the court did from the pleadings, that my client does not seem to appreciate the difference between the different standard of proof necessary at a motion to revoke versus the trial, and he does not seem to understand how there could be different results in those things, whereas we believe it's entirely possible, given it's a lower standard of evidence there. So I intend to explain that to him."

Next, Ward argues that Boyd's performance was deficient because Boyd did not supplement his motion. The trial court informed Boyd at the July hearing that Ward's pro se motion did not sufficiently allege that he was innocent of the underlying matter justifying withdrawal of his plea. But Boyd did not file a motion on Ward's behalf to supplement the pro se motion's deficiencies. Ward also claims that Boyd was aware of additional factual allegations that would have supported the motion to withdraw his plea. Based on later filings, Ward insists that he had no memory of the events underlying his criminal threat charges because of the effects of medication he was taking when he allegedly committed the offenses. Also, his plea counsel "never told his client there was no factual basis for the alleged criminal threat." By not supplementing Ward's pro se motion, Ward argues that Boyd failed to advocate on Ward's behalf.

Finally, Ward argues that Boyd did not effectively advocate for an evidentiary hearing. At the May hearing, Boyd told the court that he would discuss the need for an evidentiary hearing with Ward, and "if I believe that the motion has no merit, I don't

21

believe I would be asking the court to schedule an evidentiary hearing on the matter." Counsel later requested an evidentiary hearing at the July hearing. But the trial court said that Ward's reason to withdraw his plea "has nothing to do with the plea and whether he committed that crime or not" and Ward was "upset still and alleging that there was misrepresentations on the motion to revoke his probation." Boyd responded that the trial court's exposition was accurate but maintained that Ward wanted an evidentiary hearing. When the trial court ultimately informed Boyd that it would not hold an evidentiary hearing, Boyd replied, "That's fine, Judge."

The State argues that Boyd's representation did not fall below an objective standard of reasonableness given the low likelihood of success in pursuing the motion to withdraw his plea and Boyd's ethical obligations. Like Ward, the State offers *Robertson* in support of its argument. In *Robertson*, our Supreme Court found no prejudice to the defendant when there existed no substantial legal issues or triable facts when motion counsel was appointed. The court criticized the trial court's decision to appoint counsel when the motion, files, and records demonstrated as a matter of law that the defendant was not entitled to relief. 288 Kan. at 232. Here, the State argues that Boyd should have never been appointed as counsel in the first place because the motion was fatally flawed and sought to relitigate an issue already decided. Again, Ward agreed that he was satisfied with his plea counsel's assistance and entered a plea without undue influence or coercion. The State claims that the trial court could have determined based on the motions, files, and records that Ward's motion failed as a matter of law without the need to appoint counsel. As a result, Boyd's representation did not fall below an objective standard when the motion's validity failed from the start.

Additionally, the State maintains that Boyd followed his ethical obligations to be truthful with the trial court and to refrain from presenting erroneous claims. Under the Kansas Rules of Professional Conduct, a lawyer shall not knowingly make a false statement of fact or law to a tribunal or offer evidence that the lawyer knows is false.

22

KRPC 3.3(a)(1) (2022 Kan. S. Ct. R. at 391). When the trial court suggested that Ward's motion addressed issues with his probation revocation already decided adversely against Ward, the State believes that Boyd exercised the requisite candor with the trial court by agreeing with the court's assessment. And Boyd was obligated to tell the court that Ward's motion presented the same arguments as his previous K.S.A. 60-1507 motion and that his complaint did not concern his written plea agreement.

Applying all these arguments to the *Strickland* analysis, the court concludes that Boyd's representation did not fall below an objective standard of reasonableness. Boyd adequately discussed the content of the motion to withdraw a plea with Ward and even received a continuance twice from the trial court so that he could clarify the relief that Ward sought in his motion. After telling the trial court that he would not ask for an evidentiary hearing if he believed that the claim was fatally flawed, Boyd later requested an evidentiary hearing on Ward's behalf. Boyd conveyed to the trial court that Ward wanted an evidentiary hearing to express that he was innocent of the underlying charges and that his previous counsel prevented him from testifying at the revocation hearing. In response to the trial court's skepticism Ward wanted to relitigate his previous motions, Boyd accurately acknowledged that the motion to withdraw a plea did not sufficiently address the written plea agreement and focused primarily on his issues with the probation revocation.

Ward's argument that Boyd could have supplemented his pro se motion is erroneous. Ward alleges that Boyd knew of additional factual allegations—namely, that Ward did not remember the events of the criminal threat charges because of medication. But these allegations were first presented to the trial court in a separate motion one month after the court denied Ward's motion to withdraw his plea. The evidence does not support Ward's contentions that Boyd could have supplemented the motion to withdraw the plea with these additional factual allegations. Ward fails to overcome the strong presumption that Boyd provided reasonable professional assistance. Boyd's agreement with the trial

23

court that Ward's motion to withdraw primarily disputed his probation revocation and his decision not to supplement Ward's pro se motion do not show that Boyd's representation fell below an objective standard of reasonableness.

Ward also does not show that Boyd's representation prejudiced him. The *Cronic* exception does not apply here because Boyd did not completely deny Ward his right to effective assistance of counsel. See 466 U.S. at 666. Boyd requested an evidentiary hearing on Ward's behalf but exercised candor with the trial court by explaining that Ward's factual allegations concerned his probation revocation, not his written plea agreement. Thus, Boyd pursued relief within the stricture of required candor to the court or other ethical rules. Rather, this case is most like *Robertson*. Like *Robertson*, the trial court could have determined by the motions, files, and records that Ward's motion failed as a matter of law. Ward's motion did not sufficiently address the circumstances of his plea to warrant an evidentiary hearing. Instead, the motion brought up issues with his revocation hearing, which did not affect his previous decision to enter a plea. Thus, there existed no substantial legal issues or triable issues of fact when the trial court appointed Boyd. Because Ward has not successfully established his ineffective assistance of counsel claim, his argument fails.

Affirmed.

\* \* \*

MALONE, J., dissenting in part:  I respectfully dissent from the majority's conclusion that the district court did not err in denying Robert Lowell-Lawrence Ward's motion to withdraw plea without holding an evidentiary hearing. I would find the district court erred in summarily denying the motion because the motion, records, and files in the case do not conclusively show that Ward is entitled to no relief.

24

Ward's case has a long history including a prior appeal to this court. In 2013, Ward pled no contest to one count of criminal threat and two counts of assault in 12CR367. The district court sentenced Ward to 14 months' imprisonment but granted probation for 12 months to be supervised by community corrections. One condition of Ward's probation was for him to have no violent contact with the victim, J.D., his girlfriend. See *State v. Ward*, No. 116,545, 2021 WL 219233, at *1 (Kan. App. 2021) (unpublished opinion), *rev. denied* 315 Kan. 971 (2022).

In 2014, Ward was arrested for committing domestic battery against J.D., so the State moved to revoke his probation. J.D. testified at the probation revocation hearing, but she recanted her allegations that Ward had physically assaulted her. Even so, the district court found by a preponderance of the evidence that Ward had violated his probation by attacking J.D. The district court ordered Ward to serve a 60-day jail sanction and extended his probation for 12 months. In 2015, the State again moved to revoke Ward's probation, alleging he had committed domestic battery and other crimes against J.D. This time, Ward admitted the allegations, and the district court revoked his probation and ordered him to serve the original sentence. 2021 WL 219233, at *1-2.

Ward later filed several motions with the district court including a K.S.A. 60-1507 motion. These motions asserted that the district court had violated his constitutional rights when it found that he had violated his probation in 2014 based on the domestic battery allegations that J.D. recanted. The K.S.A. 60-1507 motion also alleged that Ward's counsel was ineffective at the 2014 probation revocation hearing. Ward did not dispute his 2015 probation violation, but he asserted that he would not have been on probation in 2015 had the district court not improperly extended the probation in 2014. For his ultimate relief in the K.S.A. 60-1507 motion, Ward asked the district court "to vacate, set aside, or correct [his] sentence" in 12CR367. 2021 WL 219233, at *2.

The district court denied Ward's motions. After an appeal to this court, the Kansas Supreme Court, and a remand to this court, we dismissed the appeal as moot because Ward had completed his sentence. 2021 WL 219233, at *4. Ward petitioned for review, and the Supreme Court denied the petition.

This brings us to Ward's current motion. On February 23, 2021, Ward filed a pleading in 12CR367 entitled "Motion to Withdraw the Plea to Correct a Manifest Injustice." The State did not file a written response and raised no affirmative defenses to the motion. Most of the motion challenged the district court's decision to revoke Ward's probation in 2014—allegations addressed in his prior K.S.A. 60-1507 motion. But the motion also included these allegations:

> "This court blocked the testimony from Mr. Ward, he wanted to advise the court of being coherced [sic] into a plea. Of his lawyer scaring him to not testify. 'Attorney stating how scary prison is, and how this court would allow false testimony to gain a conviction at trial.'
>
>        . . . .
>
>        "As such, Defendant pleas with this court to withdraw his plea, to fix these manifest injustices, the direct perjury, and prejudice shown to defendant, denial of due process, use of false evidence, ineffective assistance, and cohercment [sic] in to the original plea, and set this matter for trial, or dismissal."

The district court appointed counsel to represent Ward on his motion, and Ward's counsel requested an evidentiary hearing. But at a hearing in August 2021, after hearing arguments of counsel, the district court found there were no substantial questions of law or fact presented by Ward's motion and no evidentiary hearing was needed. The district court denied the motion on the merits finding there was no manifest injustice permitting Ward to withdraw his plea. The district court found the issues Ward raised in his motion to withdraw plea were the same issues he had raised and had been addressed in his prior

26

K.S.A. 60-1507 motion. Finally, the district court found that Ward's motion to withdraw plea was moot because he had served his sentence and no further remedy was available.

Ward claims the district court erred in summarily denying his motion to withdraw his plea because it sufficiently alleged facts to warrant an evidentiary hearing. More specifically, Ward alleges that he received inaccurate legal advice from his attorney who coerced him into entering a no contest plea. He asserts that without the inaccurate legal advice he would have taken his case to trial. Ward also argues that the district court's reasons for summarily denying his motion are legally unsound for two reasons. First, Ward contends the district court incorrectly found that the issues he raised in his motion to withdraw plea were the same issues he had raised and had been addressed in his prior K.S.A. 60-1507 motion. Second, Ward asserts the district court incorrectly found that his motion to withdraw plea was moot because he had served his sentence.

When a motion to withdraw a plea is summarily denied without an evidentiary hearing, the appellate court applies the same procedures and standards of review as in cases arising out of K.S.A. 60-1507. The appellate court exercises de novo review because it has the same access to the motions, records, and files as the district court, and it decides whether the motion, records, and files conclusively show the defendant is entitled to no relief. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

Turning to the merits of the denial of the motion, after a district court pronounces the sentence, it may allow the defendant to withdraw a plea and set aside the judgment in order "[t]o correct manifest injustice." K.S.A. 2021 Supp. 22-3210(d)(2). The defendant bears the burden of establishing manifest injustice. *State v. Huynh*, 278 Kan. 99, 101, 92 P.3d 571 (2004). Three factors, also known as the *Edgar* factors, guide the district court's analysis on a motion to withdraw a plea: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly

27

made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors, however, are not exhaustive. See *Fritz*, 299 Kan. at 154.

To begin, I agree with Ward that the district court made two incorrect findings when it summarily denied the motion to withdraw plea. First, the district court incorrectly found that the issues Ward raised in his motion to withdraw plea were the same issues he had raised and had been addressed in his prior K.S.A. 60-1507 motion. Granted, much of Ward's motion to withdraw plea rehashed his complaints about the 2014 probation revocation. But Ward raised new claims in his current motion that focused on the voluntariness of his original plea, not the later probation revocation.

Second, the district court incorrectly found that Ward's motion to withdraw plea was moot because he had served his sentence. Ward can still try to withdraw his plea and set aside his conviction even though he has served his sentence. Perhaps the district court was confused because our court ruled in Ward's last appeal that his postconviction motions in that case were moot because he had served his sentence. But Ward's postconviction motions that we addressed in his last appeal attacked only his sentence and not his conviction. Because Ward's motion to withdraw plea ultimately seeks to set aside his conviction, the motion is not moot even though Ward has served his sentence.

Ward argues that his motion to withdraw plea sufficiently alleges that ineffective assistance of counsel caused him to enter into a plea agreement, and the district court erred in summarily denying his motion without an evidentiary hearing to determine whether any of the *Edgar* factors applied. When a postsentence motion to withdraw plea alleges ineffective assistance of counsel, the constitutional test for ineffective assistance must be met to establish manifest injustice. *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). This two-prong analysis considers: (1) whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been

different. See 298 Kan. at 969-70 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). In the context of a motion to withdraw a plea, the defendant must show that, but for counsel's deficient performance, he or she would have insisted on going to trial rather than entering the plea. *Kelly*, 298 Kan. at 970.

Under the *Strickland* analysis, Ward argues that he has met his burden of alleging facts sufficient to warrant an evidentiary hearing. Ward maintains that his counsel gave him inaccurate legal advice that constituted deficient performance when his counsel advised him that the district court would allow a conviction based on testimony known to be false. By explaining *how* counsel coerced him into a plea, Ward asserts he has pled the basis for an ineffective assistance of counsel claim. Ward argues that he only pled no contest because he was advised by his counsel that the court would allow false testimony to gain a conviction at trial. Otherwise, he argues he would have insisted on going to trial.

I agree that Ward's motion sufficiently raises new claims about the voluntariness of his plea that the court has not addressed before and should not have been summarily dismissed without an evidentiary hearing. Ward claims that his original plea was coerced and specifies that his counsel gave inaccurate advice that the court would allow false testimony to gain a conviction at trial. He also claims that his counsel coerced him into a plea by scaring him about a potential prison sentence when the plea negotiations called for probation. These claims go directly to the first and second *Edgar* factors courts should consider in analyzing a defendant's motion to withdraw plea. See *Edgar*, 281 Kan. at 36. The State points out that Ward expressed satisfaction with his trial counsel when he originally pled no contest to the charges. But this statement does not serve as an absolute bar preventing Ward from later claiming ineffective assistance of counsel.

The majority opinion correctly finds that Ward's motion to withdraw his plea is not barred by the law-of-the-case doctrine and res judicata, as the State argues, because Ward's motion raises new factual claims about the voluntariness of his plea that have not

29

been addressed in court. Still, the majority finds the district court correctly denied Ward an evidentiary hearing because his claims are "mere ad hominem, abusive allegations" that are conclusory in nature. Slip op. at 10. For good measure, the majority finds from the record that Ward "blatantly lied to the trial judge during his plea hearing" when he told the judge that he was not challenging the factual basis for his plea and was not asserting his problems with his medication as a defense. Slip op. at 11.

To merit an evidentiary hearing, and to avoid summary denial, a motion must present "substantial issues of fact or law" that go beyond conclusory allegations. *Fritz*, 299 Kan. at 156. "Mere conclusions of the defendant are insufficient to raise a substantial issue of fact when no factual basis is alleged or appears in the record." 299 Kan. at 156.

Ward's allegations are not conclusory. A defendant makes a conclusory allegation when, for instance, the defendant states that a plea was coerced but does not give any explanation or reasons to support the claim. Ward gave two reasons to support his claim that his counsel coerced his plea. First, he alleged that his counsel scared him to not testify by "'stating how scary prison is.'" Second, Ward alleged that his counsel gave him inaccurate advice that the "'court would allow false testimony to gain a conviction at trial.'" Perhaps Ward's claims are bold. But it is not up to the district court or this court to find that Ward's claims are not credible without affording him an evidentiary hearing and weighing his testimony against other evidence presented at the hearing.

A good example of conclusory allegations offered to support a plea withdrawal request is found in *State v. Jackson*, 255 Kan. 455, 874 P.2d 1138 (1994). In that case, the defendant's asserted basis for withdrawing his plea was "that my attorney corced [*sic*] me into pleaing [*sic*] guilty." 255 Kan. at 456. The defendant also stated that he was "[c]ompeled [*sic*] to plea" and "new evidence [was] found in the case." 255 Kan. at 456. Our Supreme Court found that these allegations were mere conclusions, and they did not require an evidentiary hearing to deny the defendant any relief. 255 Kan. at 463.

30

Likewise, in *Mundy v. State*, 307 Kan. 280, 304-05, 408 P.3d 965 (2018), the defendant claimed her trial counsel failed to subpoena witnesses, failed to interview certain witnesses, and declined to use some of the defendant's requested witnesses. But the record showed that trial counsel called several witnesses and thoroughly cross-examined many of the State's witnesses. As to witnesses the trial counsel did not call or interview, the defendant's motion for relief did not list any facts or indicate how the witnesses would have supported her claim. Under these circumstances, the court found that the defendant offered only conclusory statements without an evidentiary basis to support her claims, and no such basis appeared in the record. 307 Kan. at 304.

In contrast, in *Bellamy v. State*, 285 Kan. 346, 172 P.3d 10 (2007), our Supreme Court reversed the summary denial of a K.S.A. 60-1507 motion alleging ineffective assistance of counsel. In that case, the movant asserted that his trial counsel gave him specific advice about whether the victim could not consent to rape—advice that would have been legally incorrect if the movant's assertion was true. 285 Kan. at 349. The movant offered no corroborating evidence or witnesses to support his allegation. The district court denied the claim without an evidentiary hearing, and the Court of Appeals affirmed. In remanding for an evidentiary hearing, our Supreme Court reasoned that the movant had alleged he received inaccurate advice from his trial counsel that caused him to plead guilty to the rape charge, and the Supreme Court found that the district court improperly denied the K.S.A. 60-1507 motion without specifically addressing the movant's claim that his trial counsel improperly advised him on the consent issue. 285 Kan. at 357. The court emphasized that under K.S.A. 60-1507, the district court must conduct an evidentiary hearing unless the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 285 Kan. at 357.

Ward's case is more like *Bellamy* and different from *Jackson* and *Mundy*. Ward does not simply make a generic assertion that his counsel coerced him into pleading no contest. Instead, Ward specifies that his counsel gave inaccurate advice that the court

would allow false testimony to gain a conviction at trial. He also claims that his counsel coerced him into a plea by scaring him about a potential prison sentence when the plea negotiations called for probation. Ward lists no corroborating witnesses to support his claim, but corroborating witnesses are not required. *Sullivan v. State*, 222 Kan. 222, 223, 564 P.2d 455 (1977). In fact, the only witness who could corroborate or dispute Ward's claim would be his trial counsel. This is precisely the reason that Ward's claim should not be rejected by the court without knowing that the claim is denied by counsel. There is nothing in the record at this stage that conclusively shows that Ward's claim is false.

Finally, the district court's decision to summarily deny Ward's claims was no doubt influenced by the two incorrect findings it made from the bench when it denied Ward's motion. First, the district court incorrectly found that the issues Ward raised in his motion to withdraw plea were the same issues he had raised and had been addressed in his prior K.S.A. 60-1507 motion. Second, the district court incorrectly found that Ward's motion to withdraw plea was moot because he had served his sentence. The district court identified all these reasons in finding that Ward's motion raised no substantial issues of law or fact, and thus, no evidentiary hearing was needed. Had the district court not been mistaken about whether Ward's issues had been previously addressed in his prior K.S.A. 60-1507 motion and its belief that Ward's motion to withdraw his plea was moot, the court may not have been so quick to reject Ward's motion without an evidentiary hearing.

The only thing at stake in this appeal is whether Ward should have received an evidentiary hearing before the district court denied his postsentence motion to withdraw plea. Ward's motion asserts a claim that if found to be true could amount to manifest injustice permitting him to withdraw his no contest plea. The motion, records, and files do not conclusively show that Ward is entitled to no relief. Thus, I would reverse the district court's decision, which depended on erroneous findings, and remand for an evidentiary hearing on Ward's motion to withdraw plea.