NOT DESIGNATED FOR PUBLICATION

No. 126,491

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT CAMERON GRANT,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Submitted without oral argument. Opinion filed September 13, 2024. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Robert Cameron Grant timely appeals from the district court's summary denial of his postsentence motion to withdraw his guilty pleas to two counts of attempted sexual exploitation of a child. Grant asserts his plea counsel did not advise him of statutory defenses to sexual exploitation of a child in K.S.A. 21-5610 and K.S.A. 21-5611. Because we find that counsel was not ineffective for failing to notify Grant of a defense that was unavailable to him, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Before entering a plea, Grant faced a total of 21 charges consolidated from three complaints, all arising out of his relationship with his 16-year-old girlfriend. Fifteen were felonies and six were misdemeanors. They generally involved sexual pictures and videos of his girlfriend, violations of protective orders, and trespassing at her home as he continued to try to see her.

After sentencing, Grant filed a pro se motion to withdraw his guilty pleas to the two convictions of attempted sexual exploitation of a child in the district court. Grant alleged counsel did not advise him of the statutory exceptions to sexual exploitation of a child in K.S.A. 21-5610(f) and K.S.A. 21-5611, which, he asserts, would have applied because he was under 19 years old and his girlfriend was 16 years old.

The district court summarily denied Grant's motion without hearing evidence or additional arguments, finding that the defenses were not allowed as a matter of law in the cases to which Grant pled, therefore, there could be no finding that counsel was ineffective.

Additional facts are set forth as necessary.

ANALYSIS

Grant argues the district court erred in summarily denying his motion to withdraw his plea despite his factual claim his plea counsel failed to advise him of potential statutory defenses under K.S.A. 21-5610 and K.S.A. 21-5611. He asserts the district court erred as a matter of law in finding these defenses inapplicable and further argues he would not have pleaded guilty to attempted sexual exploitation of a child under K.S.A. 21-5510 had he known of these defenses. We find he properly preserved his claim.

2

*Our standard of review is de novo.*

When a district court summarily denies a motion to withdraw a plea without argument and additional evidence, we exercise unlimited de novo review because we have the same access to the motions, records, and files as the district court. *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018). Likewise, when interpreting a statute is in question, as here, we also have unlimited de novo review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

*A court must find manifest injustice to justify the withdrawal of a postsentence plea.*

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 22-3210(d)(2). Grant has the burden to prove that it would be manifestly unjust to deny his motion to withdraw his plea. See *State v. Huynh*, 278 Kan. 99, 101, 92 P.3d 571 (2004).

Grant argues that it would be manifestly unjust not to set aside his convictions and permit him to withdraw his pleas to the two level 3 felonies of attempted sexual exploitation of a child. He believes that his attorney was incompetent for not telling him that it was lawful for Grant, who was 18 then, to possess nude photos of his 16-year-old girlfriend.

If Grant is correct, that he had defenses that his attorney failed to advise him of, then plea counsel's performance would have been objectively deficient. A criminal defense attorney has a duty to investigate defenses to the crimes a client is charged with. *State v. Dinkel*, 314 Kan. 146, 152, 495 P.3d 402 (2021) (holding that where defense counsel fails to discover applicable statutory defenses, his or her performance is objectively deficient).

But if these defenses were not available to him, then his attorney could not have been incompetent for failing to advise him of them. See *State v. Hutto*, 313 Kan. 741, 750, 490 P.3d 43 (2021) (holding that a party seeking to withdraw a plea has the burden to show that the potential consequence of which his attorney did not advise him was more than a remote possibility). We would be compelled to affirm the district court in summarily denying his motion to withdraw his plea. So we next turn to the charges brought against him and the possible statutory defenses. We agree with Grant that this is entirely an issue of statutory interpretation.

*Kansas does not provide an overarching statutory defense for possessing or transmitting sexually explicit videos of a child.*

The most fundamental rule of statutory construction is that the intent of the Legislature governs.

> "An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words." *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022).

When construing statutes to determine legislative intent, "we must 'consider various provisions of an act in pari materia with a view of reconciling and bringing those provisions into workable harmony if possible.'" *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020).

Grant is correct in his underlying claim that it is not unlawful for an 18-year-old adult to simply possess a visual depiction of a nude 16-year-old. See K.S.A. 21-5610(f). Visual depiction includes video. K.S.A. 21-5611(g)(4). This is commonly referred to as

the Romeo and Juliet defense. But this defense expressly does not apply if the child is engaging in sexually explicit conduct. See K.S.A. 21-5610(e). It is a misdemeanor for a person who is 18 to knowingly transmit a visual depiction of a 16-year-old in a state of nudity. K.S.A. 21-5611(a). But under K.S.A. 21-5611(f), "visual depiction" does not include the depiction of a child "engaged in sexually explicit conduct."

Sexually explicit conduct under K.S.A. 21-5610 and K.S.A. 21-5611 is defined as actual or simulated "[s]exual intercourse or sodomy, including genital-genital, oral-genital, anal-genital, or oral-anal contact," or "masturbation and sado-masochistic abuse for the purpose of sexual stimulation," or any visual depiction that could be considered obscene under K.S.A. 21-6401. K.S.A. 21-5611(g). Obscene material, as defined in K.S.A. 21-6401, includes the same items as listed under K.S.A. 21-5611(g), but also includes any material or performance that an average person would find as appealing to "the prurient interest." It goes on to reveal that a depiction is patently offensive if "taken as a whole, a reasonable person would find that the material or performance lacks serious literary, educational, artistic, political or scientific value." K.S.A. 21-6401(f)(1)(C).

So these statutes define the limits of misdemeanor possession or transmission of nude pictures or videos of 16-year-old children by 18-year-old adults. But they expressly do not encompass visual depictions of the child engaged in sexually explicit conduct which would include any depiction that the average person would find as appealing to the prurient interest. Such conduct is governed by the more serious felony charges of sexual exploitation of a child. K.S.A. 21-5510. And that makes sense. Not all nude pictures are sexually explicit or obscene. A picture of a child captured nude in the shower, or changing clothes in the locker room, may not be sexually explicit. Many people have pictures of themselves or their children as babies, in which they may be nude. But if the nude photo includes the child flashing their private parts for the camera, or posing in a sexually suggestive manner, or indicating a person off camera is massaging a child's breast, then it is not just a nude picture. And the Legislature has chosen to treat sexually

5

explicit visual depictions differently and more seriously regardless of the age of the victim and the perpetrator.

Nine of the felony counts charged by the State alleged that Grant possessed or transmitted a visual depiction of a child under the age of 18 engaging in sexually explicit conduct. Each charge included an allegation that photos or videos had the "intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the defendant" or another. So the Romeo and Juliet defense was not available for these offenses as charged. Five charges alleged that Grant unlawfully promoted a performance that included sexually explicit conduct by a 16-year-old. He was not charged with possessing or transmitting a visual depiction, the only thing the Romeo and Juliet defense applies to. He was charged with promoting a performance that included sexually explicit conduct. So the Romeo and Juliet defense was not available for those charges either.

And the final felony charge, which is not at issue here, was interference with a law enforcement officer.

As part of a global plea agreement, Grant pleaded guilty to all six misdemeanors, the felony interference with an officer charge, and the two amended felony counts of attempted sexual exploitation of a child. The State dismissed 12 felony severity level 3 charges related to sexual exploitation of a child, none of which, if proven, would have allowed a Romeo and Juliet defense, as outlined above. If convicted of the charges that were dismissed, Grant would have faced far more prison time. See K.S.A. 21-6804. So in effect, Grant pled to the nine charges with the lowest sentence possibilities (since attempted crimes are lower-level felonies than completed crimes). K.S.A. 21-5301(c)(1).

Grant does not allege that there were undisclosed statutory defenses to any of the misdemeanor counts or the felony interference charge. Grant does not allege that the judge committed any error in accepting the plea. Although counsel makes some argument

6

that what Grant was charged with was not a crime, he does so based on his belief that the Romeo and Juliet defense applied. So that leaves us with the two level 5 felony charges of attempted sexual exploitation of a child to which he pled. His sole issue is ineffective assistance of counsel for failing to advise Grant that the Romeo and Juliet defense applied.

To reiterate, the mere possession of pictures or videos of a 16-year-old's bare breast by someone 18 years old may be subject to the Romeo and Juliet defense. So we must examine the charges. As outlined above not all nude videos or pictures are the same. Some may be intended to be sexually explicit and provocative—even a video of a bare breast—and the depiction conforms to the intent. In both of the sexual exploitation felonies Grant pleaded to, the charging language reads: "Grant did commit any overt act, to wit: asked [victim] to send him videos of her bare breasts, toward the perpetration of a crime to wit: Sexual Exploitation of a Child, as defined by K.S.A. 21-5510(a)(4)[,] (b)(1)(B)."

K.S.A. 21-5510(a)(4) provides that is unlawful to "promot[e] any performance that includes sexually explicit conduct by a child under the age of 18, or a person whom the offender believes to be a child under 18 years of age, knowing the character and content of the performance." Because the charge requires more than just a visual depiction but requires that Grant be "promoting any performance" which includes sexually explicit conduct by his 16-year-old girlfriend, the Romeo and Juliet defense does not apply.

Once it is clear that the Romeo and Juliet defense does not apply, we look to the definitions contained in K.S.A. 21-5510. Under K.S.A. 21-5510 (d)(1), sexually explicit conduct is defined more broadly to include a "lewd exhibition of the genitals, female breasts or pubic area of any person." "[P]romoting" means

7

"procuring, transmitting, distributing, circulating, presenting, producing, directing manufacturing, issuing, publishing, displaying, exhibiting or advertising;

    (A) For pecuniary profit; or

    (B) with intent to arouse or gratify the sexual desire or appeal to the prurient interest of the offender or any other person." K.S.A. 21-5510(d)(2).

Again, this is clearly more than just possessing a visual depiction as defined in K.S.A. 21-5610; K.S.A. 21-5611.

Moreover, a judge must be "satisfied that there is a factual basis for the plea" before accepting a guilty plea. K.S.A. 22-3210(a)(4). Here the judge went over a full colloquy of Grant's rights before accepting his pleas. And as for the two attempted sexual exploitation charges, he asked these questions for both charges, with the same affirmative answer from Grant.

"THE COURT:  The crime alleges—the completed crime alleges that you were attempting to unlawfully promote a performance that included sexually explicit conduct by a child under the age of 18—that being [Victim], who was 16 years old . . . and you knew the character and content of the performance. That is what you were attempting to do. You committed an overt act toward the commission of that, but you failed in the commission of that; is that true?

"THE DEFENDANT:  Yes, sir.

"THE COURT:  And did this happen in Sedgwick County, Kansas?

"THE DEFENDANT:  Yes, sir."

So there was no doubt Grant understood what he was being charged with—more than just possessing nude videos but attempting to use those videos to promote a performance that included sexually explicit conduct by the victim. And these charges do not allow for the Romeo and Juliet defense.

In sum, this case presents a simple question of statutory interpretation—does the Romeo and Juliet defense apply to the charge of attempted exploitation of a child under K.S.A. 21-5510(a)(4) or not? It does not. So his claim fails. Counsel cannot be ineffective for failing to advise Grant of a defense he did not have.

All the information necessary to make this decision is in the court record, so there is no need for an evidentiary hearing. His claim fails as a matter of law.

Affirmed.

* * *

SCHROEDER, J.: For the reasons explained below, I respectfully dissent from the majority opinion.

I do not agree with the majority's analysis because it takes too narrow of a view of Grant's claim he received ineffective assistance of counsel. I find it difficult to separate the generic plea Grant entered with no specific facts and just leading questions from the district court with the facts as the State has said on page 12 of its brief, stating the videos Grant requested were of his girlfriend's breasts. Ultimately, the issue on appeal centers around a question of fact involving what Grant's attorney discussed with Grant in considering his options to enter a plea or go to trial. When there is a question of fact, our standard of analysis on a motion to withdraw a plea after sentencing requires an evidentiary hearing to flush out the facts underlying the defendant's claims. See *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020). However, the majority engages in a highly fact-specific analysis of whether the potential defenses Grant points to on appeal would apply to the generic facts underlying the amended charges to which Grant ultimately pled.

9

If the issue on appeal was a claim that Grant could not, as a matter of law, have committed those crimes under the factual basis provided, then the majority's analysis would stand to reason. But that is not the issue before us. The question is whether Grant received effective assistance from his plea counsel. I do not believe that inquiry extends only to the moment the plea was entered. What should be considered is whether counsel's performance in its entirety was reasonable—in other words, the relevant body of conduct leading up to Grant's decision to accept a plea agreement and enter his pleas under the terms of the agreement. See *State v. Shields*, 315 Kan. 131, 141, 504 P.3d 1061 (2022). This performance includes whether counsel investigated potential defenses to the charges set forth in the *original complaint* and discussed any such defenses with Grant prior to negotiating a plea agreement and presumably advising Grant to accept the plea agreement.

While the majority focuses on whether there were statutory defenses to the specific charges in the amended complaint that resulted from the plea agreement, it fails to consider whether the statutory defenses in K.S.A. 21-5610 and K.S.A. 21-5611 apply to the conduct underlying the original allegations. The factual allegations in the original charging document and supporting affidavit reflect a then-18-year-old Grant allegedly possessed or requested nude images or videos from his then-16-year-old girlfriend. Under K.S.A. 21-5610(f): "It shall not be unlawful for a person who is less than 19 years of age to possess a visual depiction of a child in a state of nudity who is 16 years of age or older." Moreover, even if Grant requested nude pictures or videos from his girlfriend, it might prove, at most, Grant committed or attempted to commit the crime of unlawful transmission of a visual depiction of a child, which is "knowingly transmitting a visual depiction of a child 12 or more years of age but less than 18 years of age in a state of nudity when the offender is less than 19 years of age." K.S.A. 21-5611(a); see K.S.A. 21-5510(a); K.S.A. 21-5611(g)(2). But this offense is a class A misdemeanor, making its direct and collateral consequences drastically different from the severity level 3 person felonies to which Grant pled. See K.S.A. 21-5611(c)(1)(A) (first conviction for unlawful

10

transmission of visual depiction of a child is a class A misdemeanor); K.S.A. 21-6602(a)(1) (maximum jail sentence of one year for class A misdemeanor convictions); K.S.A. 22-3717(d)(1)(G)(i), (d)(1)(G)(5) (unlawful transmission of visual depiction of a child not among offenses requiring lifetime postrelease supervision); K.S.A. 22-4902(t)(1)(A) (conviction for unlawful transmission of visual depiction of a child not subject to offender registration requirements).

Accordingly, K.S.A. 21-5610 and K.S.A. 21-5611 have potential application. Any competent defense counsel should have recognized the importance of investigating potential defenses thereunder as K.S.A. 21-5510(a) defines sexual exploitation of a child, "[e]xcept as provided in K.S.A. 21-5610 and [K.S.A.] 21-5611, and amendments thereto." In other words, what is legal under K.S.A. 21-5610 and K.S.A. 21-5611 is not illegal under K.S.A. 21-5510. A criminal defense attorney has an obligation to investigate defenses to the crimes his or her client is charged with. Where defense counsel fails to discover applicable statutory defenses, his or her performance is objectively deficient. See *State v. Dinkel*, 314 Kan. 146, 152-53, 495 P.3d 402 (2021). To be clear, I am not saying Grant received ineffective assistance of counsel; I am just saying he has sufficiently raised a fact question for the district court to resolve after an evidentiary hearing. Thus, I would reverse and remand for an evidentiary hearing to determine whether Grant's counsel discussed these matters with Grant prior to entering his pleas.